6

United States District Court
Southern District of Texas
FILED

NOV 25 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVA/LINK AND SERVICIOS INDUSTRIALES NOVA LINK, S.A. de C.V., Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-02-148 |
| v. | § | |
| INDIANA KNITWEAR CORPORATION, Defendant. | § | |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW defendant, Indiana Knitwear Corporation ("IKC"), and files this, its motion for partial summary judgment, and would respectfully show the Court as follows:

I.

RELIEF REQUESTED

1.1 The defendant, IKC, requests partial summary judgment on its counterclaim for conversion and an order from this Court requiring that the plaintiffs immediately release and return IKC's property, or, alternatively, requiring that plaintiffs immediately deliver the property to a location within this Court's jurisdiction, which property plaintiffs have wrongfully converted to their own possession and use. The merits of the parties' opposing claims for breach of contract, as well as the other counterclaims asserted by IKC, are not at issue in the instant motion and can be determined in due course at another date. Wholly apart from these other claims, IKC is entitled to partial summary judgment on its conversion claim because the undisputed facts demonstrate that,

as a matter of law, plaintiffs have no legal right, title, or interest in the IKC property, nor any present right to continue in wrongful possession of IKC's property.

II.

THE SUMMARY JUDGMENT STANDARD

2.1 Rule 56(c) of the Federal Rules of Civil Procedure mandates that summary judgment shall be rendered forthwith if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

2.2 Under the Rule 56 standard, the mere assertion of the existence of some factual dispute will not defeat a motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Matsushita*). Only a "genuine" issue of "material" fact precludes summary judgment. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 314 (5th Cir. 1995). Rule 56 requires the entry of summary judgment against a party who fails to make a showing sufficient to establish an element essential to that party's case. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

III.

PROCEDURAL HISTORY

3.1 This is a diversity action for damages in connection with the conversion of over $100,000 worth of equipment owned by IKC, which IKC provided to plaintiffs Nova/Link and Servicios Industriales Nova Link S.A. de C.V. (collectively, "Nova/Link") solely for use in the manufacture of IKC's products. Although Nova/Link no longer manufactures IKC's products, and despite the fact that IKC indisputably owns and has the right to possess the equipment at issue, Nova/Link has held the equipment hostage and refused to return the equipment to IKC.

3.2 Nova/Link sued IKC for breach of contract in a state-court civil action, styled *Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. v. Indiana Knitwear Corporation*, Cause No. 2002-04-1648G, filed on or about April 22, 2002, in Cameron County, Texas. IKC was not served with the original petition (the "Petition").

3.3 On or about June 5, 2002, IKC sued Nova/Link in the United States District Court for the Southern District of Texas, Houston Division, in an action styled *Indiana Knitwear Corporation v. Nova Link S.A. de C.V.*, Cause No. H-02-2159, for conversion, trespass to chattels, violation of bailment, breach of contract, restitution/unjust enrichment, fraud/misrepresentation, and declaratory judgment.

3.4 Upon learning of Nova/Link's Petition on or about July 16, 2002, IKC properly removed the Petition to this Court on July 30, 2002 and filed its Original Answer and Counterclaim on or about August 7, 2002. The parties stipulated to dismissal without prejudice of the federal action filed by IKC in the Southern District of Texas, Houston Division.

IV.

STATEMENT OF PERTINENT UNDISPUTED FACTS

4.1 Defendant IKC is an Indiana corporation with its principal place of business in Greenfield, Indiana. Affidavit of Don Weirich, submitted herewith ("Weirich Aff."), ¶ 2 IKC Counterclaim, ¶ 1.

4.2 Plaintiff Nova/Link is a partnership organized under the laws of the Cayman Islands, with places of business in Matamoros, Tamps., Mexico, and in Brownsville, Texas. Nova/Link Petition, Section II; ¶ 2; IKC Counterclaim, ¶ 2.

4.3 Plaintiff Servicios Industriales Nova Link S.A. de C.V., is a mercantile corporation formed under the laws of Mexico, with an office in Brownsville, Texas. Nova/Link Petition, Section II; ¶ 3; IKC Counterclaim, ¶ 3.

4.4 IKC manufactures and sells apparel to retailers and others. Weirich Aff., ¶ 3. Nova/Link provides "maquiladora-shelter" manufacturing services in Mexico, an arrangement developed with the introduction of the Free Trade Zone established between Mexico and the United States. Weirich Aff., ¶ 4 and Exhibit 1 thereto. In a maquiladora-shelter manufacturing relationship, a United States manufacturer provides equipment and raw materials to the maquiladora-shelter facility in Mexico, and the maquiladora shelter provides the necessary labor and services required to produce a finished product, which is then shipped back to the United States. *Id.* In such a relationship, the United States manufacturer does not enter an employment relationship with the laborers whose services are provided by the maquiladora shelter. *Id.*

4.5 As advertised by Nova/Link on its website:

> [W]e have perfected the format in which our clients can relocate into Mexico and pay for our services throughout and [*sic*] hourly rate. *Under this format the client provides the machinery, raw materials, and expertise necessary to manufacture the product. NOVA/LINK in turn brings all of the aspects of Mexico to the program.* We provide the transportation between Brownsville, TX and our Mexican facilities on our private truck fleet, the Mexican brokering services, full management and engineering staff, and all of the legal and permitting functions for the execution of the manufacturing operations.
>
> This format allows us to set up a specially designed production layout to meet our clients' needs. Together we implement the program and effectively train our staff and operators so the production can then be left to NOVA/LINK. It's having your "own" manufacturing division in Mexico.
>
> To complete the service and allow for direct distribution from Brownsville, Texas, we have a full distribution center for services ranging from cross docking to unit pick and pack fulfillment.

Weirich Aff., ¶ 5 and Exhibit 2 (emphasis supplied).

4.6 In 1998, Nova/Link orally offered to produce certain garments for IKC in Mexico, using IKC's equipment under the maquiladora business format described above. Weirich Aff., ¶ 6. IKC accepted Nova/Link's offer by letter dated July 10, 1998 (the "Letter"), and agreed to provide the equipment and materials necessary to commence production. *Id.* and Exhibit 3. In the Letter, and in placing its equipment in Nova/Link's custody, IKC stated, *inter alia*: "Indiana Knitwear will provide all sewing machines and folders required to sew our production . . . . *Indiana Knitwear retains ownership of all fabric, components and equipment during our business arrangement.* Indiana Knitwear will not be responsible for any expenses not listed above without prior authorization." *Id.* (emphasis supplied).

4.7 The Letter further stated that Nova/Link would be "responsible for all Mexican requirements." Weirich Aff., ¶ 6 and Exhibit 3. IKC delivered, and Nova/Link accepted, over $100,000 worth of IKC's equipment pursuant to IKC's terms, as specified in the Letter. Weirich Aff., ¶ 7. Thereafter, the parties proceeded with their business relationship, with Nova/Link

producing and delivering goods to IKC, utilizing IKC's equipment, pursuant to the terms specified in the Letter. *Id.*

4.8 Additional IKC equipment was provided to Nova/Link during the course of the parties' business relationship. Weirich Aff., ¶ 8. In each such instance, IKC wrote to Nova/Link, stating, "Indiana Knitwear retains ownership of the above listed equipment during the term of our agreement." *Id.* and Exhibit 4. (Hereinafter, the IKC equipment provided to Nova/Link is referred to collectively as the "IKC Equipment.")

4.9 In or about January 1999, IKC agreed to expand its business with Nova/Link, subject to additional terms which were memorialized in a letter dated January 28, 1999. Weirich Aff., ¶ 9 and Exhibit 5. These additional terms included a provision that either party could terminate the parties' business relationship upon 60-days' notice of termination. *Id.* The January 28, 1999 letter also repeated that Nova/Link would be "responsible for all Mexican requirements." *Id.*

4.10 On or about September 27, 2001, IKC gave Nova/Link 60-days' notice of IKC's intent to terminate production due to the bankruptcy of IKC's largest customer and a decline in the sales upon which IKC's production requirements with Nova/Link were based. Weirich Aff., ¶ 10 and Exhibit 6.

4.11 On or about November 7, 2001, IKC received a letter from Nova/Link, claiming that IKC was responsible for employee "severance pay" in an amount exceeding $160,000.00, notwithstanding IKC's previous communications confirming that Nova/Link was responsible for all Mexican requirements. Weirich Aff., ¶ 11 and Exhibit 7. The letter concluded by stating: "NOVA/LINK would like to schedule a review of the accounts receivable status . . . to set

forth a plan for the payment of all open invoices, the indemnification of the workforce, and *the return of INDIANA KNITWEAR's equipment* and inventory. *Id.* (emphasis supplied). Nova/Link thus acknowledged that the IKC Equipment, in fact, belonged to IKC, but implied that it would not be returned unless IKC paid for "indemnification of [Nova/Link's] workforce."

4.12 Since giving notice of termination, IKC has asked Nova/Link numerous times to return the IKC Equipment. Weirich Aff., ¶ 12 and Exhibit 8. Nova/Link has admitted that it has possession of the IKC Equipment, that the Equipment is "owned by" and "belonging to" IKC, but has refused to return it absent an "indemnity" or "severance" payment to Nova/Link. *Id.*

4.13 As set forth below, Nova/Link's determination to hold IKC's Equipment hostage unless IKC pays money to retrieve it is clearly wrongful, and should not be allowed to continue. Whatever else might be disputed in this case as to the parties' other claims, the ownership of the IKC Equipment is *not* in dispute; nor is IKC's demand for its return. Accordingly, and irrespective of any alleged financial obligations between the parties (which need not be resolved by this motion), IKC is entitled to the immediate return of its Equipment.

V.

ARGUMENT AND AUTHORITIES

A. By Withholding IKC's Equipment, Nova/Link Has Undisputedly Converted Same.

5.1 Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with, the other person's rights. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997); *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971). One who initially obtains lawful possession of property becomes liable for conversion by subsequently asserting rights in the property inconsistent

with the owner's dominion over the property. *Bosworth v. Gulf Coast Dodge, Inc.*, 879 S.W.2d 152, 158-159 (Tex. Civ. App. -- Amarillo 1975, no writ). To recover for conversion, a party must establish an ownership interest in the property in question as of the time of the alleged conversion. *Guinn v. Lokey*, 249 S.W.2d 185, 186 (Tex. 1952), and must show a demand and refusal for the return of the property, *Hull v. Freedman*, 383 S.W.2d 236, 238 (Tex. Civ. App. -- Fort Worth 1964, writ refused n.r.e.). A formal demand and refusal are not necessary when the circumstances and acts of the possessor authorize a finding of a clear repudiation of the owner's rights that is tantamount to a refusal after demand. *Edmunds v. Sanders*, 2 S.W. 3d 697, 703 (Tex. App. -- El Paso 1999, pet. denied); *Loomis v. Sharp*, 519 S.W.2d 955, 958 (Tex. Civ. App. -- Texarkana 1975, writ dismissed). Wrongful intent on the part of the possessor is not required to establish an act of conversion. *Winkle Chevy-Olds-Pontiac, Inc. v. Condon,* 830 S.W.2d 740, 746 (Tex. App. -- Corpus Christi 1992, writ dismissed).

5.2 The owner of the converted property has the right to elect to recover either the specific property in question or its market value. *Holland v. Lesesne*, 350 S.W.2d 859, 865 (Tex. Civ. App. -- San Antonio 1961 writ refused n.r.e.). The plaintiff also is entitled to be compensated for the loss of use of the property from the date of the conversion to the date of judgment. *See De Shazo v. Wool Growers Central Storage Co.*, 162 S.W.2d 401, 404 (Tex. 1942); *Commercial Credit Equip. Corp. v. Elliot*, 414 S.W.2d 35, 43-44 (Tex. Civ. App. -- Eastland 1967, writ refused n.r.e.); *Winkle v. Chevy-Olds-Pontiac v. Condon*, 830 S.W.2d 740, 746-747 (Tex. App. -- Corpus Christi 1992, writ dismissed).

5.3 The undisputed facts demonstrate the following: IKC owns the IKC Equipment. Weirich Aff., ¶¶ 6, 8 and Exhibits 3, 4. Nova/Link came into possession of the IKC Equipment solely for the purpose of carrying out the maquiladora relationship between the parties. *Id.*, Exhibits

3-5. Nova/Link has no legal interest in the IKC Equipment. *Id.*, ¶¶ 5-8 and Exhibits 3, 4. IKC's July 10, 1998 letter clearly states, "We have authorized your use of the following [IKC] equipment during the term of our Agreement." Weirich Aff., Exhibit 3. Additional IKC Equipment provided to Nova/Link during the course of the parties' business relationship was provided subject to IKC's express retention of ownership of the Equipment. *Id.*, Exhibit 4. Nova/Link therefore was in lawful possession of the IKC Equipment until the relationship was terminated. *Id.*, ¶ 6 and Exhibit 3.

5.4 Under the terms of the parties' business relationship, either party was allowed to terminate the relationship on 60 days' notice. Weirich Aff., Exhibit 5. On or about September 27, 2001, IKC notified Nova/Link of its intent to terminate the relationship, effective November 27, 2001. *Id.*, Exhibit 6. Accordingly, as of approximately November 27, 2001, IKC was entitled to the return of the IKC Equipment. *Id.*, Exhibits 3-5. IKC has repeatedly demanded that Nova/Link return the IKC Equipment and Nova/Link has repeatedly refused to do so. Weirich Aff., ¶ 12 and Exhibit 8. Under the governing law, discussed above, Nova/Link's continued possession of the IKC Equipment from November 27, 2001 to the present constitutes a continuing act of conversion, and IKC is entitled to recover the IKC Equipment, plus any sums in respect of its loss of use of the IKC Equipment, up to and including such date as the IKC Equipment is returned. Accordingly, IKC is entitled to partial summary judgment on its counterclaim for conversion, plus damages for loss of use, and an order compelling the immediate return of the IKC Equipment to IKC, prior to this Court's determination of the parties' remaining claims. Alternatively, IKC is entitled to an order compelling Nova/Link to return the IKC Equipment to a location within this Court's jurisdiction during the pendency of this action.

B Nova/Link's Monetary Claim Against IKC Gives Nova/Link No Legal Right To Withhold The IKC Equipment.

5.5 Nova/Link's claim against IKC is based on Nova/Link's assertion that IKC is obligated to pay for employee severance claims that Nova/Link allegedly paid as a result of the termination of the parties' business relationship. Weirich Aff., Exhibit 8. There is no evidence that IKC has any obligation to pay any maquiladora employee costs. No "severance" or "indemnity" payment from IKC to Nova/Link is required or contemplated by the terms of the parties' business relationship, as set forth in the July 10, 1998 letter, or by any subsequent modification thereto; nor is IKC required to pay Nova/Link any money in connection with the return of the IKC Equipment to IKC. *Id.*, Exhibits 3-5. This Court can easily determine by reading the letters reflecting the parties' business relationship (attached to the Affidavit of Don Weirich) that IKC is entitled to immediate possession of the IKC Equipment, and that Nova/Link is not entitled to retain possession of the IKC Equipment for any reason. *Id.*

5.6 More importantly, assuming for the purposes of this motion that the terms of the parties' business relationship had provided for such payments, *IKC's failure to pay them would not give Nova/Link the legal right to confiscate the IKC Equipment.* Indeed, the courts have held that unlawful detention of another's property as a "bargaining" tool is no defense to a conversion action. *Cothrum Drilling Co. v. Partee*, 790 S.W.2d 796, 799-800 (Tex. App. -- Eastland 1990, writ denied).

5.7 Nor may a party defend against an action for conversion by asserting that the party whose property has been retained is indebted to the converter. *See, e.g., Gardner v. Jones*, 570 S.W.2d 198 (Tex. Civ. App. -- Houston [1st Dist.] 1978, no writ); *First Nat'l Bank of McAllen v. Brown*, 644 S.W.2d 808 (Tex. Civ. App. -- Corpus Christi 1982, writ refused n.r.e.).

5.8 In *First Nat'l Bank of McAllen v. Brown*, for example, plaintiff asked the bank to consolidate loans on his two cars, a Bonneville and a Caprice. The bank consolidated both loans and listed both cars as collateral on the bank worksheet. In drafting the security agreement, however, the bank omitted the Caprice as collateral and included only the Bonneville. The plaintiff became delinquent on the loan, and the bank repossessed the Caprice. Notwithstanding the undisputed fact that the plaintiff owed the bank money (the plaintiff admitting at trial that he believed he owed the bank approximately $1900, and the bank claiming it was owed in excess of $3400), the court not only found that repossession of the Caprice constituted conversion, it also upheld the jury's award of exemplary damages against the bank. The court noted that the bank knew or should have known it had no legal right to repossession, as it had the security agreement in its possession and the Caprice was not listed thereon. The bank's conversion of the Caprice was therefore knowing and willful, and supported the jury's award of punitive damages. 644 S.W.2d 808, 810-811.

5.9 In sum, the law simply does not allow a contracting party to convert another contracting party's property, where, as here, a breach of contract has been alleged, but no security agreement exists. Accordingly, even if this Court, on trial of this cause, were to find that IKC had any unsatisfied obligation to Nova/Link (which IKC disputes), such a finding would in no way constitute a lawful basis for Nova/Link's conversion of the IKC Equipment.

WHEREFORE, defendant and plaintiff-in-counterclaim, Indiana Knitwear Corporation, prays that the Court:

(a) enter judgment in favor of IKC on its counter-claim for conversion;

(b) enter an order declaring that IKC is entitled to immediate possession of the IKC Equipment as a matter of law and compelling plaintiffs and defendants-in-counterclaim Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. to deliver immediately the IKC Equipment to IKC's possession and control;

(c) alternatively, enter an order compelling plaintiffs and defendants-in-counterclaim Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. to deliver immediately the IKC Equipment to a location within this Court's jurisdiction; and

(d) further, on final trial hereof of all remaining issues between the parties,

(i) enter an order declaring that IKC owes nothing to Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. and awarding IKC the return of the IKC Equipment and such other relief as is warranted under 28 U.S.C. § 2202;

(ii) enter judgment in favor of IKC on all counts of the Counterclaim;

(iii) award IKC damages in an amount to be proven at trial, together with interest, costs, and attorneys' fees, in the full amount recoverable under the applicable law; and

(iv) award IKC any such further relief, at law or equity, that the Court deems just and proper.

Respectfully submitted,

INDIANA KNITWEAR CORP.,

By its attorneys,

James H. Hunter, Jr.
Texas State Bar No. 00784311
Fed. I.D. No. 15703
Keith N. Uhles
Texas State Bar No. 20371100
Fed. I.D. No. 1936
Royston, Rayzor, Vickery & Williams
P.O. Box 3509
Brownsville, Texas 78521
(956) 542-4377 (Telephone)
(956) 542-4370 (Facsimile)

ATTORNEYS FOR DEFENDANT
INDIANA KNITWEAR CORPORATION

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

and

William N. Berkowitz
Rheba Rutkowski
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

CERTIFICATE OF SERVICE

I certify that a copy of the above document was served via **CERTIFIED MAIL-RRR** on counsel of record on November 25, 2002, as follows: W. Michael Taylor, Esq., Griffin & Matthews, 1155 Dairy Ashford, Suite 300, Houston, Texas 77079

**Keith N. Uhles**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVA/LINK AND SERVICIOS INDUSTRIALES NOVA LINK, S.A. de C.V., Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-02-148 |
| v. | § | |
| INDIANA KNITWEAR CORPORATION, Defendant. | § | |

**[PROPOSED] PARTIAL JUDGMENT**

On this day came on to be heard Defendant Indiana Knitwear Corporation's Motion for Partial Summary Judgment, and the Court, having considered the motion, the arguments of counsel, and the pleadings and affidavits on file herein, finds that Indiana Knitwear Corporation is entitled to judgment as a matter of law on its counterclaim for conversion, and further, is entitled to immediate possession of its equipment, as described herein. Accordingly, it is hereby

ORDERED that Defendant Indiana Knitwear Corporation's Motion for Partial Summary Judgment is hereby GRANTED, judgment is granted in favor of Defendant, Indiana Knitwear Corporation on its counter-claim for conversion, and Plaintiffs Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. are hereby ordered to deliver forthwith to Indiana Knitwear Corporation the following items:

| | Model # | Serial # | Motor | Serial # |
|---|---|---|---|---|
| Merrow * | M-3DW-2 | 139746 | Union Special | 498843 |
| Merrow * | M-3DW-2 | 139633 | AMCO | 74778 |
| Merrow * | M-3DW | 113623 | AMCO | 37206 |
| Merrow * | M-3DW | 124186 | AMCO | 407673 |

| | | | | |
|---|---|---|---|---|
| Merrow * | MG-3DW-2 | 227508 | AMCO | 251343 |
| Merrow | MG-3DW-2 | 218812 | AMCO | 93648 |
| Merrow | MG-3DW-2 | 210185 | AMCO | 250985 |
| Merrow | M-2DH-1 | 169026 | AMCO | 938133-189 |
| Merrow | MG-3DW-2 | 227493 | AMCO | 93600 |
| Merrow | MG-2DH-1 | 205767 | AMCO | 73881-351 |
| Merrow | MG-2DH-1 | 211460 | AMCO | 407675 |
| Juki | DDL-555-2 | C25382 | Unistop | 301134 |
| Juki | DDL-555-2 | R6478 | AMCO | 12351 |
| Juki | DDL-552-2 | CF6722 | Quick Rotan | 4215210 |
| Pegasus | W562-02BB | 3424688 | Consew | 6C4-0141 |
| Pegasus | W562-02BB | 3424690 | Consew | 73U-0140 |
| Pegasus | W664-08AC | 6840062 | EFKA | 12143685 |
| Pegasus | W664-08AC | 6834948 | EFKA | 12133972 |

- Air sets, which accompanied the asterisked items.
- Two binding folders, two hemming guides and the required coverstitch guides for the above listed equipment.
- One Hotronix Thermal Transfer Press (Serial #1478 and Model #X5H).
- Eighteen Work Space International sewing chairs.

Alternatively, Plaintiffs Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. are hereby ordered to deliver forthwith the above-referenced items to a location within the jurisdiction of this Court to be held during the pendency of this action.

DONE AND ENTERED at Brownsville, Texas on this _______ day of _____________, 2002.

______________________________
**HON. HILDA G. TAGLE**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOVA/LINK AND SERVICIOS INDUSTRIALES NOVA LINK, S.A. de C.V.,

Plaintiffs,

v.

INDIANA KNITWEAR CORPORATION,

Defendant.

CAUSE NO. B-02-148

STATE OF INDIANA *
COUNTY OF HANCOCK *

AFFIDAVIT OF DON WEIRICH

DON WEIRICH deposes and says as follows:

1. My name is Don Weirich. I am the Vice President of Manufacturing for the Indiana Knitwear Corporation ("IKC"). I am over the age of eighteen, am of sound mind, and am fully authorized and competent to make this affidavit. The facts stated herein are true and correct and based on my personal knowledge.

2. IKC is an Indiana corporation with its principal place of business in Greenfield, Indiana.

3. IKC manufactures and sells apparel to retailers and others.

4. Attached hereto as *Exhibit 1* is a true copy of a page from Nova/Link's website, entitled "Manufacturing in Mexico." As can be seen from this document, Nova/Link advertises itself as providing "maquiladora-shelter" manufacturing services in Mexico, an arrangement developed with the introduction of the Free Trade Zone established between Mexico and the United States. The document states that, in a maquiladora-shelter manufacturing relationship, a United States manufacturer provides equipment and raw materials to the maquiladora-shelter facility in Mexico, and the maquiladora shelter provides the necessary labor and services

required to produce a finished product, which is then shipped back to the United States. In such a relationship, the United States manufacturer does not enter an employment relationship with the laborers whose services are provided by the maquiladora shelter.

5. Attached hereto as ***Exhibit 2*** is a true copy of a page from Nova/Link's website, entitled "The Shelter Program," which advertises Nova/Link's maquiladora-shelter services as follows:

> [W]e have perfected the format in which our clients can relocate into Mexico and pay for our services throughout and [*sic*] hourly rate. Under this format the client provides the machinery, raw materials, and expertise necessary to manufacture the product. NOVA/LINK in turn brings all of the aspects of Mexico to the program. We provide the transportation between Brownsville, TX and our Mexican facilities on our private truck fleet, the Mexican brokering services, full management and engineering staff, and all of the legal and permitting functions for the execution of the manufacturing operations.
>
> This format allows us to set up a specially designed production layout to meet our clients' needs. Together we implement the program and effectively train our staff and operators so the production can then be left to NOVA/LINK. It's having your "own" manufacturing division in Mexico.
>
> To complete the service and allow for direct distribution from Brownsville, Texas, we have a full distribution center for services ranging from cross docking to unit pick and pack fulfillment.

6. Attached hereto as ***Exhibit 3*** is a true copy of my July 10, 1998 letter to Jason Wolfe of Nova/Link, which responds to Nova/Link's oral offer to produce certain garments for IKC in Mexico, using IKC's equipment, under the maquiladora business format described above. By way of this letter (hereinafter, the "Letter"), IKC accepted Nova/Link's offer and agreed to provide the equipment necessary to commence production. The Letter expressly states that, while IKC would provide the equipment and materials necessary for the manufacture of IKC's products, IKC retained ownership of the equipment and materials. The Letter expressly disclaims any responsibility on the part of IKC for expenses not specified in the letter without prior authorization. *See* Exhibit 3 at 1 ("Indiana Knitwear will provide all sewing machines and folders required to sew our production. . . . Indiana Knitwear retains ownership of all fabric,

components and equipment during our business arrangement. Indiana Knitwear will not be responsible for any expenses not listed above without prior authorization."). The Letter further states that Nova/Link would be "responsible for all Mexican requirements." *Id.*

7. IKC delivered, and Nova/Link accepted, over $100,000 worth of IKC equipment pursuant to IKC's terms, as set forth in the Letter. Thereafter, the parties proceeded with their business relationship, with Nova/Link producing and delivering goods to IKC, utilizing IKC's equipment, pursuant to the terms specified in the Letter.

8. Additional IKC equipment was provided to Nova/Link during the course of the parties' business relationship. (Hereinafter, the IKC equipment provided to Nova/Link is referred to collectively as the "IKC Equipment.") In each such instance, IKC wrote to Nova/Link, stating, "Indiana Knitwear retains ownership of the above listed equipment during the term of our agreement." Examples can be seen in the true copies of letters and documents attached at ***Exhibit 4*** hereto.

9. Attached hereto as ***Exhibit 5*** is a true copy of my January 28, 1999 letter to Nova/Link's Jason Wolfe, reflecting IKC's agreement to expand its business with Nova/Link, subject to the additional terms set forth in that letter. These additional terms included a provision that each party would provide the other with 60-days' notice of termination of the parties' business relationship. *See* Exhibit 5 at 1. The January 28, 1999 letter also repeated that Nova/Link would be "responsible for all Mexican requirements." *Id.*

10. Attached hereto as ***Exhibit 6*** is a true copy of my September 27, 2001 letter to Nova/Link's Jason Wolfe, in which IKC gave Nova/Link 60-days' notice of IKC's intent to terminate production due to the bankruptcy of IKC's largest customer and a decline in the sales upon which IKC's production requirements with Nova/Link were based.

11. Attached hereto as ***Exhibit 7*** is a true copy of a November 7, 2001 letter from Nova/Link's Jason Wolfe to me, in which Nova/Link claimed that IKC was responsible for

employee "severance pay" in an amount exceeding $160,000.00, notwithstanding IKC's previous communications confirming that Nova/Link was responsible for all Mexican requirements. Nova/Link acknowledged in the letter that the IKC Equipment, in fact, belonged to IKC, but implied that it would not be returned unless IKC paid for "indemnification" of Nova/Link's workforce.

12. Since giving notice of termination of the parties' business relationship, IKC has asked Nova/Link numerous times to return the IKC Equipment. Nova/Link has admitted that it has possession of the IKC Equipment, and that the Equipment is "owned by" and "belonging to" IKC, but has refused to return it absent an "indemnity" or "severance" payment to Nova/Link. Attached hereto as ***Exhibit 8*** is a true copy of a January 10, 2002 letter from W. Michael Taylor to, counsel to Nova/Link, to counsel for IKC, which letter reflects Nova/Link's refusal to return the IKC Equipment absent a payment from IKC for its release.

13. No security agreement exists between IKC and Nova/Link for the IKC Equipment or for any other property. No UCC-1 forms were ever filed with respect to the IKC Equipment; nor did IKC ever sign such a form to perfect a security interest.

14. IKC needs the return of its Equipment in order to continue its business elsewhere and is suffering damages from the loss of use of the Equipment.

15. At no time did I – nor, to my knowledge, did anyone else on behalf of IKC -- ever say or do anything that would lead Nova/Link to believe that the IKC Equipment could be held by Nova/Link for any reason following the termination of the parties' business relationship.

Further Affiant sayeth not.

Signed under the pains and penalties of perjury on this the 25th day of November, 2002.

[signature]
Don Weirich

ANGELA B. BASS
Notary Public, State of Indiana
County of Hancock
My Commission Expires 11/08/2008

[signature: Angela B. Bass]



LITDOCS:477348.1

TOTAL P.04




## Manufacturing in Mexico

Maquiladora is a concept developed with the introduction of the Free Trade Zone established between Mexico and the United States. A U.S. manufacturing plant ships raw materials or components inbound to their plant in Mexico for assembly, taking advantage of an extensive labor pool and low Mexican labor rates. The finished product is then shipped back to the United States for distribution to various markets.

The Nova Link partnership concept opens up the Mexico opportunity to companies considering offshore manufacturing as a cost effective alternative. Once you make the decision to relocate all or part of your operation in Mexico, Nova/Link can have you manufacturing within weeks.

Copyright©2000 Nova/Link S.A. de C.V.. All rights reserved.

EXHIBIT
"1"




## The Shelter Program

Under our shelter program, we have perfected the format in which our clients can relocate into Mexico and pay for our services throughout and hourly rate. Under this format the client provides the machinery, raw materials, and expertise necessary to manufacture the product. NOVA/LINK in turn brings all of the aspects of Mexico to the program. We provide the transportation between Brownsville, TX and our Mexican facilities on our private truck fleet, the Mexican brokering services, full management and engineering staff, and all of the legal and permitting functions for the execution of the manufacturing operations.

This format allows us to set up a specially designed production layout to meet our clients' needs. Together we implement the program and effectively train our staff and operators so the production can then be left to NOVA/LINK. It's having your "own" manufacturing division in Mexico.

To complete the service and allow for direct distribution from Brownsville, Texas, we have a full distribution center for services ranging from cross docking to unit pick and pack fulfillment.

Copyright©2000 Nova/Link S.A. de C.V.. All rights reserved.

EXHIBIT
"2"



July 10, 1998
*REVISED*

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
FAX #011-52-88-10-1083

Dear Mr. Wolfe:

We have confirmed your pricing on style LA790 as follows:

$14.50 per dozen for the first 3000 dozen
$10.50 per dozen after the initial 3000 dozen

Your pricing includes freight to and from Brownsville, all Mexican customs services, sewing and final quality control auditing. Nova/Link is responsible for all Mexican requirements.

Indiana Knitwear will provide all sewing machines and folders required to sew our production, all fabric/labeling components for the sewing of our product including sewing thread and all packaging materials. Indiana Knitwear will pay all the U.S. customs services fees and temporary warehousing in Brownsville. Indiana Knitwear retains ownership of all fabric, components and equipment during our business arrangement. Indiana Knitwear Corporation will not be responsible for any expenses not listed above without prior authorization.

We have authorized your use of the following Indiana Knitwear equipment during the term of our agreement:

| BRAND | MODEL# | SERIAL# | MOTOR | SERIAL# |
|---|---|---|---|---|
| Merrow * | M-3DW-2 | 139746 | Union Special | 498843 |
| Merrow * | M-3DW-2 | 139633 | AMCO | 74778 |
| Merrow * | M-3DW | 113623 | AMCO | 37206 |
| Merrow * | M-3DW | 124186 | AMCO | 407673 |
| Merrow * | MG-3DW-2 | 227508 | AMCO | 251343 |
| Merrow | MG-3DW-2 | 218812 | AMCO | 93648 |
| Merrow | MG-3DW-2 | 210185 | AMCO | 250985 |
| Merrow | M-2DH-1 | 169026 | AMCO | 938133-189 |
| Merrow | MG-3DW-2 | 227493 | AMCO | 93600 |
| Merrow | MG-2DH-1 | 205767 | AMCO | 73881-351 |
| Merrow | MG-2DH-1 | 211460 | AMCO | 407675 |





| BRAND | MODEL# | SERIAL# | MOTOR | SERIAL# |
|---|---|---|---|---|
| Juki | DDL-555-2 | C25382 | Unistop | 301134 |
| Juki | DDL-555-2 | R6478 | AMCO | 12351 |
| Juki | DDL-552-2 | CF6722 | Quick Rotan | 4215210 |
| Pegasus | W562-02BB | 3424688 | Consew | 6C4-0141 |
| Pegasus | W562-02BB | 3424690 | Consew | 73U-0140 |
| Pegasus | W664-08AC | 6840062 | EFKA | 12143685 |
| Pegasus | W664-08AC | 6834948 | EFKA | 12133972 |

We will include two binding folders, two hemming guides and the required coverstitch guides for the above listed equipment. In addition the Merrows highlighted by an asterisk will inolude air setups.

We are also forwarding to you one Hotronix Thermal Transfer Press (Serial #1478 and Model #X5H) for the fusing operation. Eighteen Work Space International sewing chairs will be included in the shipment.

We have scheduled your Plant to finish the following by weekending date:

| W/E | DOZENS | W/E | DOZENS |
|---|---|---|---|
| 8-21 | 200 | 10-02 | 450 |
| 8-28 | 300 | 10-07 | 450 |
| 9-04 | 350 | 10-16 | 500 |
| 9-11 | 350 | 10-23 | 500 |
| 9-18 | 400 | 10-30 | 500 |
| 9-25 | 400 | | |

Please advise if this buildup is satisfactory. The first cut goods will be delivered to Brownsville on 7-23-98. We have scheduled training for the week of July 27, 1998. Your personnel are welcome at Willacy Apparel for any training prior to 7-27-98.

We look forward to working with your organization. Please advise if you need any additional information.

Very truly yours,

INDIANA KNITWEAR CORPORATION

Don Weirich /as

Don Weirich
Vice President, Manufacturing

cc: Mr. Roger Denisar
Mr. Robert Taylor
Mr. Ralph Wilt

Nova/Link
07/10/98




A Division of Indiana Knitwear
2½ Miles North Highway 77
P.O. Box 457 - Lyford, TX 78569
956-347-3545 • FAX: 956-347-5459

July 28, 1998

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-1083

Per your request, we have authorized the use of the following Indiana Knitwear equipment.

| BRAND | MODEL# | SERIAL | MOTOR | SERIAL# |
|---|---|---|---|---|
| Merrow | MG-3DW-2 | 253542 | EAGLE | 33221 |
| Merrow | MG-3DW-2 | 226610 | AMCO | 40863 |

These Merrows include air setups. Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. This equipment will be delivered to Brownsville on July 28, 1998. Please advise if you need any additional information.

Regards,

Robert Taylor
General Manager

cc:Don Weirich

EXHIBIT
"4"




A Division of Indiana Knitwear
2½ Miles North Highway 77
P.O. Box 457 - Lyford, TX 78569
956-347-3545 • FAX: 956-347-5459

September 11, 1998

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe

Fax # 011-52-88-10-1083

Per your request, we have authorized the use of the following Indiana Knitwear equipment.

| BRAND | MODEL# | SERIAL | MOTOR | SERIAL# |
|---|---|---|---|---|
| Merrow | M-3DW | 124404 | AMCO | 37223-449 |

8—Sewing machine operator work tables (approximate size 20x16x23)
4—Rubber floor mats
1—Storage bin (approximate size 2x8x6)

Indiana Knitwear Corporation retains ownership of the above equipment during the term of our agreement. This equipment will be delivered to the DNL warehouse on September 16, 1998. Please advise if you need any additional information.

Regards,

Robert Taylor
General Manager

Cc: Don Weirich
Paul Atkinson




A Division of Indiana Knitwear
2½ Miles North Highway 77
P.O. Box 457 - Lyford, TX 78569
956-347-3545 • FAX: 956-347-5459

October 12, 1998

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-1083

Dear Mr. Wolfe:
The following Indiana Knitwear equipment has been authorized for your use. It will be delivered to the DNL warehouse on 10/15/98.

| BRAND | MODEL# | SERIAL | MOTOR | SERIAL# |
|---|---|---|---|---|
| Merrow ✓ | M-3DW | 127894 | AMCO | 138022 |
| Merrow ✓ | MG-3DW-2 | 227186 | AMCO | 794967 |
| Pegasus ✓ | W-664-08AC | 6856332 | QUICK ROTAN | 4188771 |

Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,

Robert Taylor
General Manager

cc: Don Weirich
Paul Atkinson
Alejandro Sanchez(Nova/Link)

ds




A Division of Indiana Knitwear
2½ Miles North Highway 77
P.O. Box 457 • Lyford, TX 78569
956-347-3545 • FAX: 956-347-5459

October 16, 1998

Nova/Link
Ave. Del Obrero #3
Frasc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-1083

Dear Mr. Wolfe:
Per my discussion with Alejandro Sanchez, the following Indiana Knitwear equipment has been authorized for your use. It will be delivered to the DNL warehouse on 10/19/98.

| BRAND | MODEL# | SERIAL | MOTOR | SERIAL# |
|---|---|---|---|---|
| Rimoldi ✓ | 261-16-2MD-D4 | 383136 | AMCO | 34192-349 |

The machine will include a binding folder. Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,

Robert Taylor
General Manager

cc: Don Weirich
Paul Atkinson
Alejandro Sanchez(Nova/Link)

ds




A Division of Indiana Knitwear
2½ Miles North Highway 77
P.O. Box 457 - Lyford, TX 78569
956-347-3545 • FAX: 956-347-5459

December 07, 1998

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-10-83
Mr. Alejandro Sanchez
Fax # 011-52-88-10-10-26

Dear Mr. Wolfe:
The following Indiana Knitwear equipment has been authorized for your use. It will be delivered to the DNL warehouse on 12/09/98.

1—Wooden Audit Table with Light

1—Fuser Machine

| BRAND | MODEL# | SERIAL # |
|---|---|---|
| PSR | 12000 VET | 981328 |

Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,

Robert Taylor

Robert Taylor
General Manager

cc: Don Weirich
Paul Atkinson

ds

**WILLACY APPAREL**
COMPANY
A DIVISION OF INDIANA KNITWEAR
2 1/2 MILES NORTH HIGHWAY 77
P.O. BOX 457 LYFORD, TEXAS 78569
TELEPHONE: 956-347-3545 FAX: 956-347-5459

December 22, 1998

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-10-83
Mr. Alejandro Sanchez
Fax # 011-52-88-10-10-26

Dear Mr. Wolfe:
The following Indiana Knitwear equipment has been authorized for your use. It will be delivered to the DNL warehouse on 01/04/99.

| BRAND | MODEL# | SERIAL | MOTOR | SERIAL# |
|---|---|---|---|---|
| Merrow* | MG-3DW-2 | 242139 | AMCO | 935313-488 |
| Merrow* | MG-3DW-2 | 240357 | AMCO | 934263-388 |
| Merrow* | M-3DW-2 | 150090 | AMCO | 868028-280 |
| Merrow* | MG-3DW-2 | 234013 | AMCO | 934267-380 |
| Merrow* | M-3DW-2 | 212498 | AMCO | 428965-266 |
| Merrow* | M-3DW | 124382 | AMCO | 794506-376 |
| Merrow | M-3DW-2 | 168907 | AMCO | 898154-383 |
| Merrow | MG-3DW-2 | 255240 | AMCO | 541024-468 |
| Merrow | M-3DW-2 | 156223 | AMCO | 128966-266 |
| Merrow | M-3DW-2 | 226931 | AMCO | 100239-353 |
| Merrow | M-3DW-2 | 133538 | AMCO | 93657-253 |
| Juki | DDL-552-2 | C552-2Y6428 | Quick Rotan | 4165279 |
| Juki | DDL-552-2 | C552-2R6510 | Quick Rotan | 63001 |
| Juki | DDL-552-2 | C552-2R6531 | Quick Rotan | 4205847 |
| Juki | DDL-552-2 | C552-CR6665 | EFKA | 12952822 |
| Pegasus | W562-01CB | 3425918 | CONSEW | 730150 |
| Pegasus | W52-01CB | 3426733 | CONSEW | 741-0123 |
| Rimoldi | 263-16-3MD-08 | 540706 | AMCO | 819379-377 |

We will include three coverstitch sleeve guides, one hemming guide and the Merrows highlighted by an asterisk will include air-setups.

18—Wooden operator work tables

Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,

Robert Taylor
General Manager

cc: Don Weirich
Paul Atkinson

ds







A Division of Indiana Knitwear
2½ Miles North Highway 77
P.O. Box 457 - Lyford, TX 78569
956-347-3545 • FAX: 956-347-5459

January 13, 1999

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-1083
Mr. Alejandro Sanchez
Fax # 011-52-88-10-10-26

Dear Mr. Wolfe:
Per my discussion with Alejandro Sanchez, the following Indiana Knitwear equipment has been authorized for your use. It will be delivered to the DNL warehouse on 01/14/99.

| BRAND | MODEL# | SERIAL | MOTOR | SERIAL# |
|---|---|---|---|---|
| Merrow | MG-3DW-2 | 8227497 | AMCO | 138029-156 |

Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,

Robert Taylor
General Manager

cc: Don Weirich
Paul Atkinson

ds

**Willacy Apparel Company**
A Division of Indiana Knitwear
2 ½ Miles North Highway 77
P.O Box 457- Lyford, TX 78569
956-347-3545 Fax: 965-347-5459

January 25, 1999

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-1083
Mr. Alejandro Sanchez
Fax # 011-52-88-10-10-26

Dear Mr. Wolfe:

Per my discussion with Alejandro Sanchez, the following Indiana Knitwear equipment has been authorized for your use. It will be delivered to the DNL warehouse on 01/28/99.

| BRAND | MODEL# | SERIAL | DISCRIPTION |
|---|---|---|---|
| Hotronix | XSH | 1468 | Thermal Transfer Press |

Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,

Robert Taylor

Robert Taylor
General Manager

cc: Don Weirich
Paul Atkinson
Roger Denisar

ds

**Willacy Apparel Company**
A Division of Indiana Knitwear
2 ½ Miles North Highway 77
P.O Box 457- Lyford, TX 78569
956-347-3545 Fax: 965-347-5459

February 2, 1999

Nova/Link
Ave. Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax # 011-52-88-10-10-83
Mr. Alejandro Sanchez
Fax # 011-52-88-10-10-26

Dear Mr. Wolfe:

The following Indiana Knitwear equipment will be delivered to DNL Warehouse on 02/04/99. This will complete the equipment requirements for the original 1000 dozen per week growth.

| Brand | Model # | Serial # | Motor | Motor Serial # | Ship Date |
|---|---|---|---|---|---|
| Juki | DDL 55-06 | DDLVJ33241 | Juki | 92090636 | 01/28/99 |
| Juki | DDL 55-06 | DDLVG47770 | Juki | 92090118 | 01/28/99 |
| Union Special | 34700KC | D357370 | Efka | 12973448 | 01/28/99 |
| Union Special | 34700KC | D357369 | Efka | 12973445 | 01/28/99 |
| Union Special | 34700KC | D357371 | Efka | 12973442 | 01/28/99 |

In addition, we are forwarding you twenty-three Work Space International sewing chairs.

Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,.

Robert Taylor
General Manager

cc: Don Wetrich
Paul Atkinson
Roger Denisar

ds

D.W.



REVISED 2/9/99
Nova/Link
Ave.Del Obrero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
Fax #: 011-52-88-10-10-83
Mr. Alejandro Sanchez
Fax #: 011-52-88-10-10-26

Dear Mr. Wolfe:

The following Indiana Knitwear equipment will be delivered to DNL Warehouse on 2/11/99.

| Pallet # | Description | | Price | Country of Origin |
|---|---|---|---|---|
| #1 | 1-Juki 5550-N7 Single Needle Sewing Machine<br>Motor #F736 561 | Serial #DDLAE21451 | $1250.00 | USA |
| | 1-Juki 5550-6 Single Needle Sewing Machine<br>Motor #92071292 | Serial #DDLV636637 | $1250.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #2 | 1-Juki 555-2 Single Needle Sewing Machine<br>Motor #212084 | | $1250.00 | USA |
| | 1-Juki 5550-6 Single Needle Sewing Machine<br>Motor #92080306 | Serial #DDLV647628 | $1250.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #3 | 1-Union Special Coverstitch 34700<br>Motor #0789-3260326 | Serial #D-362577 | $2650.00 | USA |
| | 1-Union Special Coverstitch 34700<br>Motor #0189-3257415 | Serial #D-363244 | $2650.00 | USA |
| | Complete with table,motor,stand and attachments | | | |
| #4 | 1-Union Special Coverstitch 34700<br>Motor #028595 | Serial #D-363991 | $2650.00 | USA |
| | 1-Union Special Coverstitch 34700<br>Motor #4170410-0393 | Serial #D-352522 | $2650.00 | USA |
| | Complete with table,motor,stand and attachments | | | |
| #5 | 1-Union Special 34700KC<br>Motor #4139586106 | Serial #D-362579 | $2650.00 | USA |
| | 1-Union Special 34700KC<br>Motor #4137131-043 | Serial #D-363246 | $2650.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #6 | 1-Merrow Hemmer MG-2DH-1<br>Motor #250990 | Serial #226624 | $2230.00 | USA |
| | 1-Merrow Hemmer MG-2DH-1<br>Motor #799658 | Serial #226625 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #7 | 1-Union Special 34700KC<br>Motor #4137195 | Serial #D362578 | $2650.00 | USA |
| | 1-Union Special 34800KC<br>Motor #322613 | Serial #D348352 | $2650.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #8 | 1-Merrow Hemmer M-2DH-1<br>Motor #69521 | Serial #195240 | $2230.00 | USA |
| | 1-Union Special 34800KC<br>Motor #4137103 | Serial #D352534 | $2650.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #9 | 1-Merrow MG3DW-2 w/air<br>Motor #393211 | Serial #226621 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #138021 | Serial #218808 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |

| | | | | |
|---|---|---|---|---|
| #10 | 1-Merrow MG3DW-2 w/air<br>Motor #899613 | Serial #229133 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #563052 | Serial #229182 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #11 | 1-Merrow MG3DW-2 w/air<br>Motor #794960 | Serial #227506 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #813906 | Serial #210183 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #12 | 1-Merrow MG3DW-2 w/air<br>Motor #250988 | Serial #226618 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #267076 | Serial #226617 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #13 | 1-Merrow MG3DW-2 w/air<br>Motor #412186 | Serial #215619 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #394045 | Serial #227503 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #14 | 1-Merrow MG3DW-2 w/air<br>Motor #839471 | Serial #227502 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #794955 | Serial #206753 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #15 | 1-Merrow MG3DW-2 w/air<br>Motor #794512 | Serial #229161 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #899620 | Serial #226612 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #16 | 1-Merrow MG3DW-2 w/air<br>Motor #26938 | Serial #229180 | $2230.00 | USA |
| | 1-Merrow MG3DW-7 w/air<br>Motor #899618 | Serial #241589 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #17 | 1-Merrow MG3DW-2<br>Motor #250989 | Serial #227501 | $2230.00 | USA |
| | 1-Merrow MG3DW-2<br>Motor #218719 | Serial #227504 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #18 | 1-Merrow MG3DW-2<br>Motor #799328 | Serial #227507 | $2230.00 | USA |
| | 1-Merrow MG3DW-2<br>Motor #267080 | Serial #227499 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #19 | 1-Merrow MG3DW-2<br>Motor #898146 | Serial #227500 | $2230.00 | USA |
| | 1-Merrow MG3DW-2<br>Motor #899616 | Serial #226613 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #20 | 1-Merrow MG3DW-2<br>Motor #267074 | Serial #226609 | $2230.00 | USA |
| | 1-Merrow MG3DW-2<br>Motor #M-37227 | Serial #226611 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #21 | 1-Merrow MG3DW-2<br>Motor #540987 | Serial #253539 | $2230.00 | USA |
| | 1-Merrow MG3DW-2<br>Motor #524762 | Serial #226620 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |

| | | | | |
|---|---|---|---|---|
| #22 | 1-Merrow MG3DW-2 w/air<br>Motor #899615 | Serial #226615 | $2230.00 | USA |
| | 1-Merrow MG3DW-2 w/air<br>Motor #874026 | Serial #227505 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #23 | 1-Merrow MG3DW-2<br>Motor #454805 | Serial #229198 | $2230.00 | USA |
| | 1-Merrow MG3DW-2<br>Motor #799664 | Serial #229179 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |
| #24 | 1-Merrow MG3DW-2<br>Motor #899621 | Serial #229184 | $2230.00 | USA |
| | 1-Merrow MG3DW-2<br>Motor #412177 | Serial #114009 | $2230.00 | USA |
| | Complete with table,motor, stand and attachments | | | |

In addition, we are forwarding you:

| | | |
|---|---|---|
| 34 Work Space International Chairs | $510.00 | USA |
| 1 Merrow Knife Sharpener | $145.95 | USA |
| 48 Work Tables | $240.00 | USA |

Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Very truly yours,

Ralph Wilt /jt

Ralph Wilt
Production Manager

/jt

cc: Don Weirich
Paul Atkinson

**Willacy Apparel Company**
A Division of Indiana Knitwear
2 ½ Miles North Highway 77
P.O Box 457- Lyford, TX 78569
956-347-3545 Fax: 965-347-5459

March 3, 1999

Nova/Link
Ave. Del Olmero #3
Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jaqui Wolfe
Fax # 011-52-88-10-10-83
Mr. Alejandro Sanchez
Fax # 011-52-88-10-10-26

Dear Mr. Wolfe:

The following Indiana Knitwear equipment will be delivered to DNL Warehouse on 03/03/99.

| Brand | Model # | Serial # | Motor | Motor Serial # | Price | Country of Origin |
|---|---|---|---|---|---|---|
| Merrow | MG-3DW-2 | 234017 | Amco | 934264-381 | $ 2,230.00 | U.S.A. |
| Merrow | MG-3DW-2 | 234019 | Amco | 935317-488 | $2,230.00 | U.S.A. |

The above equipment will include air act ups. Indiana Knitwear Corporation retains ownership of the above listed equipment during the term of our agreement. Please advise if you need any additional information.

Regards,

Robert Taylor

Robert Taylor
General Manager

cc: Don Weirich
Paul Atkinson
Roger Denison

ds

Machine Inventory
Nova/Link

| Machine | Model No | Serial No | Motor | Motor Serial No | Operation | Location | Imported Date | NOVA INVOICE | Nova Inport |
|---|---|---|---|---|---|---|---|---|---|
| Astex | 2124 | 10771297 | N/A | N/A | Fusing | Nova | RA9-6-00 | 809 | 9/14/00 |
| Best | Flex | 14400 | N/A | N/A | Flex Conveyor | Nova | | 614 * | 12/7/99 |
| Bostitch | SB54 | 54-5051 | N/A | N/A | Auto Case Sealer | Nova | | 614 | 12/7/99 |
| Bostitch | SB600 | 600-5054 | N/A | N/A | Auto Case Former | Nova | | 615 | 12/8/99 |
| Tiffin Systems | N/A | S/N029457 | Monarch | 3755 | Boxing Table | Nova | | 614 | 12/7/99 |
| Juki | DDL-550-6 | Q23113 | Juki | 89070149 | Plain | Nova | | 467 | 3/1/99 |
| Juki | DDL-5550-6 | S81339 | Juki | 91070163 | Plain | Nova | | 467 | 3/1/99 |
| Juki | LK-1852LKOWE | LK0WE38935 | E-Z | 12308146 | Tacker | Nova | RA10-18-00 | 845 | 10/24/00 |
| Juki | DDL-552-2 | C552-2R6510 | QUICK ROTAN | 63001-1192 | Plain | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Juki | DDL-5550N-7 | DDLAE21451 | Juki | F73656 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Juki | DDL-5550-6 | DDLUJ43418 | Juki | 91080223 | Plain | Nova | | 467 | 3/1/99 |
| Juki | DDL-5550-6 | DDLVF13507 | Juki | 92070326 | Plain | Nova | RA1-25-00 | 639 | 1/26/00 |
| Juki | DDL-5550-6 | DDLV636637 | Juki | H25573 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Juki | DDL-5550-6 | DDLV647628 | Juki | 92080306 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Juki | DDL-5550-6 | DDLVG47724 | Juki | 92090406 | Plain | Nova | RA2-28-00 | 657 | 2/29/00 |
| Juki | DDL-5550-6 | DDLVG47770 | Juki | 92090118 | Plain | Nova | WLH2-2-99 | 462 | 2/10/99 |
| Juki | DDL-5550-6 | DDLWC12889 | Juki | 93020773 | Plain | Nova | RA1-25-00 | 639 | 1/26/00 |
| Juki | DDL-5550-6 | Q19900 | Juki | 37120038 | Plain | Nova | | 467 | 3/1/99 |
| Juki | DDL-5550-6 | R28021 | Juki | 88130111 | Plain | Nova | EML10-25-99 | 639 | 1/26/00 |
| Juki | DDL-5550-6 | R42783 | Juki | 88050311 | Plain | Nova | | 467 | 3/1/99 |
| Juki | DDL-550-6 | R46232 | Juki | 88040294 | Collar | Nova | | 467 | 3/1/99 |
| Juki | DDL-5550-6 | R46340 | Juki | 88060845 | Plain | Nova | | 467 | 3/1/99 |
| Juki | DDL-5550-6 | R64704 | Juki | 89010161 | Plain | Nova | | 467 | 3/1/99 |
| Juki | DDL-5550-6 | R68460 | Juki | 91030029 | Plain | Nova | | 467 * | 3/1/99 |
| Kansai Special | DFB-1412P | 3190408 | Amco | M93717-253 | Stripe | Nova | RA4-6-01 | 971 | 9/7/01 |
| Merrow | M3DW | 113623 | AMCO | 37206-449 | Air Cutter | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | M-3DW | 124186 | AMCO | 37223-449 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | M3DW | 124375 | AMCO | 93615253 | Plain | Nova | RA2-28-00 | 657 | 2/29/00 |
| Merrow | M-3DW | 124377 | AMCO | 92262-253 | Plain | Nova | BOL2-17-00 | 652 | 2/17/00 |
| Merrow | M3DW | 124382 | AMCO | 267080262 | Air Cutter | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | M-3DW | 124404 | AMCO | 881610-381 | Plain | Nova | | 415 | 9/22/98 |
| Merrow | M-3DW | 124405 | AMCO | 859056-469 | Air Cutter | Nova | BOL2-17-00 | 652 | 2/17/00 |
| Merrow | M-3DW | 127894 | AMCO | 138022-156 | Air Cutter | Nova | WLH10-12-98 | 429 | 10/19/98 |
| Merrow | M3DW-2 | 133538 | AMCO | 540987468 | Hemmer | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | M-3DW-2 | 139633 | AMCO | 74778-351 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | M-3DW-2 | 139635 | AMCO | 843773-478 | Plain | Nova | BOL2-17-00 | 652 | 2/17/00 |
| Merrow | M-3DW-2 | 139746 | AMCO | 138028-156 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | M3DW-2 | 150088 | AMCO | 8605204479 | Plain | Nova | RA3-8-99 | 470 | 3/11/99 |
| Merrow | M-3DW-2 | 150090 | AMCO | 368028-280 | Plain | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | M3DW-2 | 156223 | AMCO | 428966-266 | Air Cutter | Nova | WLH12-22-98 | 449 | 1/7/99 |

Machine Inventory
Nova/Link

| Machine | Model No | Serial No | Motor | Motor Serial No | Operation | Location | Imported Date | NOVA INVOICE | Nova Inport |
|---|---|---|---|---|---|---|---|---|---|
| Merrow | M-3DW-2 | 168907 | AMCO | 898154-383 | Collar | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | M-2DH-1 | 169026 | AMCO | 938133-189 | Hemmer | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | M-3DW-2 | 170167 | AMCO | 40866-150 | Air Cutter | Nova | RA3-8-99 | 470 | 3/11/99 |
| Merrow | M3DW-2 | 170895 | AMCO | 374502-165 | Collar | Nova | RA3-8-99 | 470 | 3/11/99 |
| Merrow | M3DW-2 | 171336 | AMCO | 384045365 | Plain | Nova | RA3-8-99 | 470 | 3/11/99 |
| Merrow | M6-3DW-2 | 206753 | AMCO | 794955-376 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 210183 | AMCO | 267074-262 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 210185 | AMCO | 250985-461 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | MG-2DH-1 | 211460 | AMCO | 407675-465 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | M-3DW-2 | 212498 | AMCO | 934267-388 | Air Cutter | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | MG-3DW-2 | 215619 | AMCO | 267076-262 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 215623 | AMCO | 938131-189 | Plain | Nova | BOL2-17-00 | 652 | 2/17/00 |
| Merrow | MG-3DW-2 | 218808 | AMCO | 138021-156 | Att Cuff | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 218810 | AMCO | 874025480 | Plain | Nova | RA2-28-00 | 657 | 2/29/00 |
| Merrow | MG-3DW-2 | 218812 | AMCO | 93648-253 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | MG-3DW-2 | 226609 | AMCO | 899621-383 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226610 | AMCO | 93657-253 | Plain | Nova | WLH7-28-98 | 397 | 7/29/98 |
| Merrow | MG-3DW-2 | 226611 | AMCO | 799328-476 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226612 | AMCO | 899620-383 | Att Cuff | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226613 | AMCO | 899616 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226615 | AMCO | 899615-383 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226617 | AMCO | 412186-465 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226620 | AMCO | 524762-268 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226621 | AMCO | 393211-365 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 226623 | AMCO | 407734465 | Plain | Nova | RA2-28-00 | 657 | 2/29/00 |
| Merrow | MG-3DW-2 | 226627 | AMCO | 138242-156 | Plain | Nova | BOL2-17-00 | 652 | 2/17/00 |
| Merrow | M-3DW-2 | 226931 | AMCO | 498843-367 | Plain | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | MG3DW2 | 227186 | AMCO | 794967376 | Air Cutter | Nova | WLH10-12-98 | 429 | 10/19/98 |
| Merrow | MG-3DW-2 | 227493 | AMCO | 93600-253 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Merrow | MG-3DW-2 | 227497 | AMCO | 100239-353 | Plain | Nova | | 452 | 1/15/99 |
| Merrow | MG-3DW-2 | 227499 | AMCO | 794506-376 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227500 | AMCO | 898146-383 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227501 | AMCO | 250989-461 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227502 | AMCO | 839471-378 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227503 | AMCO | 860503479 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227504 | AMCO | 218719-260 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227505 | AMCO | 874026-480 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227506 | AMCO | 563052-269 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227507 | AMCO | 813906-277 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 227508 | AMCO | 251343-461 | Plain | Nova | IKCLH7-10-98 | 392 | 7/20/98 |

Machine Inventory
Nova/Link

| Machine | Model No | Serial No | Motor | Motor Serial No | Operation | Location | Imported Date | NOVA INVOICE | Nova Inport |
|---|---|---|---|---|---|---|---|---|---|
| Merrow | MG-3DW-2 | 229179 | AMCO | 799664-476 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 229180 | AMCO | 269388-262 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 229181 | AMCO | 794512-376 | Air Cutter | Nova | | 463 * | 2/18/99 |
| Merrow | MG-3DW-2 | 229182 | AMCO | 794960-376 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 229184 | AMCO | 541042-468 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 229198 | AMCO | 454805-466 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 234013 | AMCO | 428965-266 | Air Cutter | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | MG-3DW-2 | 234016 | CONSEW | A1930124 | Plain | Nova | RA3-8-99 | 470 | 3/11/99 |
| Merrow | MG-3DW-2 | 234017 | AMCO | 934264-388 | Air Cutter | Nova | RA3-3-99 | 469 | 3/5/99 |
| Merrow | MG-3DW-2 | 234019 | AMCO | 935317-488 | Air Cutter | Nova | RA3-3-99 | 469 | 3/5/99 |
| Merrow | MG-3DW-2 | 234020 | AMCO | 934370388 | Air Cutter | Nova | RA3-8-99 | 470 | 3/11/99 |
| Merrow | MG-3DW-2 | 240357 | AMCO | 934263-368 | Plain | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | MG-3DW-7 | 241589 | AMCO | 899618-383 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 242139 | AMCO | 935313488 | Air Cutter | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | MG-3DW-2 | 253539 | AMCO | 37227-449 | Plain | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 253542 | EAGLE | No # | Plain | Nova | WLH7-28-98 | 397 | 7/29/98 |
| Merrow | MG-3DW-2 | 255240 | AMCO | 868022-280 | Air Cutter | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Merrow | M-3DW | 114324 | Union Special | 540987 | Plain | Nova | BOL4-3-00 | 683 | 4/4/00 |
| Merrow | M-3DW | 124399 | Amco | 46393 | Plain | Nova | BOL4-3-00 | 683 | 4/4/00 |
| Merrow | MG-3DW-2 | 226616 | Amco | 874028 | Cuff | Nova | BOL4-3-00 | 683 | 4/4/00 |
| Merrow | MG-3DW-2 | 226618 | AMCO | 250988-461 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Merrow | MG-3DW-2 | 229133 | AMCO | 899613-383 | Air Cutter | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Pegasus | W-562-02BB | 3424688 | CONSEW | 604-0141 | Collar | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Pegasus | W-562-02BB | 3424690 | CONSEW | 7300140 | Collar | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Pegasus | W562-01CB | 3425918 | CONSEW | 7300150 | Slv Hem | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Pegasus | W-562-01-CB | 3426733 | CONSEW | 741-0123 | Slv Hem | Nova | WLH12-22-98 | 449 | 1/7/99 |
| Pegasus | W664-08AC | 6834948 | EFKA | 12133992 | Top Stitch | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Pegasus | W664-08AC | 6840062 | EFKA | 12143685 | Top Stitch | Nova | IKCLH7-10-98 | 392 | 7/20/98 |
| Pegasus | W66A-03FB | 6846301 | QUICK ROTAN | 4172638 | Top Stitch | Nova | IKCLH11-16-99 | 609 | 11/24/99 |
| Pegasus | W664-08AC | 6856332 | QUICK ROTAN | NR.4188771 | Plain Top Stitch | Nova | WLH10-12-98 | 429 | 10/19/98 |
| Pegasus | W664-08AC | 6857923 | EFKA | 12173931 | Top Stitch | Nova | | 639 | 1/26/00 |
| Pegasus | W664-08AC | 6857927 | EFKA | 12173932 | Top Stitch | Nova | BOL2-17-00 | 652 | 2/17/00 |
| Pegasus | W664-08AC | 6857929 | EFKA | 12176144 | Plain Top Stitch | Nova | | 577 * | 10/11/99 |
| Pegasus | EX5214-54 | 9137866 | EFKA | 12167125 | Auto Back Tack | Nova | BOL11-4-99 | 593 | 11/4/99 |
| Pegasus | EX5214-54 | 9137867 | EFKA | 12167130 | Auto Back Tack | Nova | BOL11-4-99 | 593 | 11/4/99 |
| Pegasus | EX5214-54 | 9137869 | EFKA | 12167124 | Auto Back Tack | Nova | BOL11-4-99 | 593 | 11/4/99 |
| Pegasus | W664-08AC | 6833337 | EFKA | 12110789 | Top Stitch | Nova | BOL2-17-00 | 652 | 2/17/00 |
| PSR | Fuse-it | 991302 | N/A | N/A | Fusing | Nova | | 467 | 3/1/99 |
| PSR | 12B00VET | 981328 | | | | Nova | WLH12-7-98 | 447 | 12/15/98 |
| Rimoldi | 261-16-2MD-04 | 383136 | AMCO | 34192-349 | Collar | Nova | WLH10-16-98 | 432 | 10/22/98 |

Machine Inventory
Nova/Link

| Machine | Model No | Serial No | Motor | Motor Serial No | Operation | Location | Imported Date | NOVA INVOICE | Nova Inport |
|---|---|---|---|---|---|---|---|---|---|
| Rimoldi | 261-16-2MD-04 | 394703 | AMCO | 454812-466 | Collar | Nova | RA3-8-99 | 470 | 3/11/99 |
| Rimoldi | 263-16-3MD-08 | 500203 | AMCO | 884806-481 | Collar | Nova | RA3-8-99 | 470 | 3/11/99 |
| Rimoldi | 261-16-2MD-04 | 583359 | AMCO | 407677-465 | Collar | Nova | RA4-22-99 | 489 | 4/27/99 |
| Rimoldi | 263163NID-08 | 540706 | AMCO | 819379-377 | Plain Slv Hem | Nova | WLH12-22-98 | 452 | 1/15/99 |
| Stahls | Hotronix XSH | 1468 | N/A | N/A | Hand Heat Press | Nova | WLH1-25-99 | 459 | 1/29/99 |
| Stahls | Hotronix XSH | 1478 | N/A | N/A | Hand Heat Press | Nova | RA1-15-01 | 885 | 1/30/01 |
| Union Special | 54200 | 1735019 | QUICK ROTAN | 1661693 | Auto Waist Elastic | Nova | | 599 | 11/11/99 |
| Union Special | 54200 | 1735025 | QUICK ROTAN | 1661865 | Auto Waist Elastic | Nova | BOL11-4-99 | 593 * | 11/4/99 |
| Union Special | 54400J | 1431518 | Amco | 830313 | Stripe | Nova | RA3-27-00 | 971 * | 9/7/01 |
| Union Special | 34700 | D-357369 | EFKA | 12973445 | Bottom Hem | Nova | WLH2-2-99 | 462 | 2/10/99 |
| Union Special | 54200BZ | 539400 | AMCO | 267059-262 | Stripe | Nova | BOL10-24-00 | 593 * | 11/4/99 |
| Union Special | 34700 | D-323882 | QUICK ROTAN | 389325817 | Bottom Hem | Nova | | 469 | 3/5/99 |
| Union Special | 34700 | D-327417 | QUICK ROTAN | 3256412 | Bottom Hem | Nova | | 472 | 3/12/99 |
| Union Special | 34700 | D-343668 | QUICK ROTAN | 3221849 | Slv Hem | Nova | | 472 | 3/12/99 |
| Union Special | 34700 | D-347789 | QUICK ROTAN | 3222245 | Bottom Hem | Nova | | 469 | 3/5/99 |
| Union Special | 34800 | D-348352 | QUICK ROTAN | 8873238292 | Top Stitch | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34700 | D-352522 | QUICK ROTAN | 63001-0793 | Plain Top Stitch | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34800 | D-352534 | QUICK ROTAN | 63000-0390 | Slv Hem | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34700 | D-357370 | EFKA | 12973448 | Hem Slv | Nova | WLH2-2-99 | 462 | 2/10/99 |
| Union Special | 34700 | D-357371 | EFKA | 12973412 | Top Stitch | Nova | WLH2-2-99 | 462 | 2/10/99 |
| Union Special | 34700 | D-362577 | QUICK ROTAN | 3260326 | Hem Slv | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34700 | D-362578 | QUICK ROTAN | 63000-0390 | Bottom Hem | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34700 | D-362579 | QUICK ROTAN | 19716 | Hem Slv | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34700 | D-363244 | QUICK ROTAN | 1893257415 | Bottom Hem | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34700 | D-363246 | QUICK ROTAN | 63000-0390 | Plain Slv Hem | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 34700 | D-363991 | QUICK ROTAN | 4120593 | Bottom Hem | Nova | IKCLH2-9-99 | 463 | 2/18/99 |
| Union Special | 39500QB | 1734070 | EFKA | L03049988 | Att Waist Elst | Nova | BOL9-27-01 | 979 | 9/28/01 |
| Union Special | 39500QB | 1745202 | EFKA | 03051304 | Att Waist Elst | Nova | BOL9-27-01 | 979 | 9/18/01 |
| Union Special | 54200J | 1692124 | Mitsubishi | L34697330 | Stitch Down Wst | Nova | BOL9-27-01 | 979 | 9/28/01 |
| Union Special | 54200J | 1650641 | Mitsubishi | N10885232 | Stitch Down Wst | Nova | BOL9-27-01 | 979 | 9/28/01 |
| Stahls | Hotronix XSH | 1783 | N/A | N/A | Hand Heat Press | Nova | | 885 | 1/30/01 |
| Stahls | Hotronix XSH | 1697 | N/A | N/A | Hand Heat Press | Nova | RA12-5-00 | 467 | 3/1/99 |
| Juki | DDL-5550-6 | DDLVL67718 | Juki | C85638 | Plain | Nova | BOL1-24-01 | 887 | 2/3/01 |
| Juki | DDL-5550-6 | DDLVJ33209 | Juki | K25184 | Plain | Nova | BOL1-24-01 | 887 | 2/3/01 |
| Juki | DDL-5550-6 | DDLWB73297 | Juki | A35793 | Plain | Nova | BOL1-24-01 | 887 | 2/3/01 |
| Juki | DDL-5550-6 | R-30657 | Juki | 92020718 | Plain | Nova | BOL1-24-01 | 887 | 2/3/01 |



January 28, 1999

Nova/Link
Ave. Del Obrero #3
Fraoc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe
FAX #011-52-88-10-1083

Dear Jason:

We have confirmed your pricing on style P701 at $11.73 per dozen. Your price includes freight to and from Brownsville, all Mexican customs services, sewing and final quality auditing. Nova/Link is responsible for all Mexican requirements.

Per our conversation, we have revised my letter dated 12-9-98 to expand our production in 1999 to 2,500 dozen per week. We confirmed that Nova/Link will comply with our quality control system as required by our accounts.

The following areas need to be clarified as we expand our business relationship:

1. Indiana Knitwear Corporation and Nova/Link understand that this arrangement will run through September 30, 1999. Naturally, we both want the relationship to continue beyond 9-30-99.

2. We both agree to give the other party a sixty-day notice of termination of our verbal agreement if business situations warrant.

3. Indiana Knitwear will furnish one case of silicone spray with each shipment involving screen print sleeves to assist Nova/Link.

4. Indiana Knitwear will furnish the cleaning equipment and cleaning fluid required to clean our garments.

5. Nova/Link will be responsible for purchasing all machine parts including needles.

6. Nova/Link will be responsible for providing the box tape and strapping to properly seal our cartons or unipack containers.



EXHIBIT
"5"

We look forward to our expanded production with Nova/Link. Please contact me if you have any questions.

Very truly yours,

INDIANA KNITWEAR CORPORATION

Don Weirich
Vice President of Manufacturing

cc: Mr. Robert Taylor
Mr. Roger Denisar
Mr. Ralph Wilt



September 27, 2001

Nova/Link
Ave. Del Obrero #3 Fracc. Ind. Del Norte
H. Matamoros, Tamps
Mexico 87310

Attention: Mr. Jason Wolfe

Dear Jason:

Per our telephone conversation on September 26, 2001, we advised you of our lack of sales/production for December of 2001 and January of 2002 due to the re-styling of the NFL replica line for 2002.

We have contacted all our major accounts to determine our manufacturing opportunities for December and January. In addition, we have reviewed our manufacturing situation with Reebok personnel. Unfortunately, between lower current retail sales projections and Reebok's design cycle, we do not foresee our manufacturing outlook improving before February of 2002.

Therefore, per our agreement, we must give you a 60 calendar day notice of our intent to discontinue all production at your plant. Our management personnel will meet with you shortly to plan your production requirements through 11/27/01.

We are devastated by our current production situation. We appreciate your understanding of our current situation. We will work together to try and find additional opportunities to extend our relationship.

Very truly yours,

INDIANA KNITWEAR CORPORATION

Don Weirich
Vice President, Manufacturing

/jt

indiana knitwear corporation
230 East Osage Street, P. O. Box 309, Greenfield, Indiana 46140
Telephone 317-462-4413 • Fax 317-462-0994

Established 1930



November 7, 2001

Mr. Don Weirich
INDIANA KNITWEAR
230 East Osage St.
Greenfield, IN 46140
Fax: (317) 462-0994

Dear Don,

Obviously we are very disappointed and sorry to hear that the business from Reebok has not developed for INDIANA KNITWEAR. It has been a pleasure for NOVA/LINK to work with INDIANA KNITWEAR over the past years and it is with regret that we acknowledge your letter of October 2001 requesting the discontinuation of operations.

Despite the many efforts of keeping the lines together through your prospects and the ones that NOVA/LINK has referred to you, we see no other course than to terminate and indemnify the workforce. The total figure for the employees that are eligible for severance pay is $164,390.07. It is our understanding through Robert Taylor that the production will actually come to a halt during the first week of December of this year. NOVA/LINK would like to schedule a review of the accounts receivable status the last week of November to set forth a plan for the payment of all open invoices, the indemnification of the workforce, and the return of INDIANA KNITWEAR's equipment and inventory.

NOVA/LINK will remain a committed partner to any further manufacturing needs that may arise for INDIANA KNITWEAR.

Sincerely,

Jason Wolfe
NOVA/LINK

EXHIBIT
"7"

**GRIFFIN & MATTHEWS**
*Attorneys at Law*

HOUSTON
1155 DAIRY ASHFORD, SUITE 300
HOUSTON, TEXAS 77079
(281) 870-1124
FAX: (281) 870-1647

BEAUMONT
SANTA FE DEPOT
400 NECHES ● CROCKETT
BEAUMONT, TEXAS 77701
(409) 832-6006
FAX: (409) 832-1000

January 10, 2002

Ms. Erika De La Rosa
Bingham Dana, LLP.
150 Federal Street
Boston, Massachusetts 02110

Re: Nova/Link – Indiana Knitwear

Dear Ms. De La Rosa:

On January 8, 2002, my client received a letter from an attorney in Mexico purporting to represent Indiana Knitwear. The letter requests that my client turn over all equipment belonging to Indiana Knitwear within five days.

Since there is an outstanding issue with regard to money owed to my client pursuant to the severance issues, my client is not willing to release any equipment until this issue is resolved. Once the severance issue is resolved, my client will release any equipment owned by Indiana Knitwear within five days as requested.

If you have any other questions or need additional information, please give me a call at our Houston office.

Very truly yours,

W. Michael Taylor
For the Firm

WMT:mt

cc: Nova/Link

EXHIBIT
"8"