United States District Court
Southern District of Texas
FILED

DEC 0 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVA/LINK AND SERVICIOS INDUSTRIALES NOVA LINK, S.A. de C.V., <br> Plaintiffs, <br><br> v. <br><br> INDIANA KNITWEAR CORPORATION <br> Defendant. | § § § § § § § § § § | CIVIL ACTION NO. B-02-148 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by rule 26(f) was held and identify the counsel who attended for each party.

   **W. Michael Taylor for the Plaintiffs. James H. Hunter, Jr. for the Defendants. The meeting took place via telephone conference on November 25, 2002 and subsequent e-mail follow-ups.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None at this time.**

3. Specify the allegation of federal jurisdiction.

   **Federal Jurisdiction is based on diversity of citizenship and an amount in controversy in excess of $75,000.00.**

4. Name the parties who disagree and the reasons.

   **None.**

50175:1039509.1:120902

5.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Additional parties are not anticipated. However, there are several business entities (other than the named Plaintiffs) using the name NOVA/LINK. Out of an abundance of caution, to the extent any of these other "NOVA/LINK" entities might be contractually and/or tortuously liable to Defendant, Defendant would consider adding same as additional parties.**

6.   List anticipated interventions.

**There are no interventions anticipated.**

7.   Describe class-action issues.

**None.**

8.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties have agreed to make their initial disclosures no later than January 15, 2002.**

9.   Describe the proposed agreed discovery plan, including:

   A.   Responses to all the matters raised in Rule 26(f).

**Defendant believes that discovery should be conducted in two phases, in order to mitigate damages and streamline the case for all concerned. Defendant believes that resolution of the return and/or ownership of the equipment held by Plaintiff should necessarily be resolved first, because Plaintiff continues to sustain rental loss and depreciation damages every day the equipment is in Plaintiff's possession. Conversely, Defendant also believes it is in Plaintiff's best interest to resolve the equipment issue first in order to mitigate its own damages by way of exposure from Defendant's conversion claim. The second phase of discovery can address the underlying claims and counterclaims for breach of contract.**

**Plaintiffs object to conducting discovery in two separate phases, and believe that each of the claims are so intertwined that separate phases of discovery will result in duplicitous discovery and increased expenses.**

B.   When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiffs anticipate that they will send interrogatories to Defendant no later than January 15, 2003.**

C.   When and to whom the defendant anticipates it may send interrogatories.

**Defendant anticipates that it will send interrogatories to Plaintiff no later than February 1, 2003.**

D.   Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiffs anticipate that they will take the depositions of the following witnesses as well as other witnesses who may identified through discovery:**

1. **Corporate representatives of Defendants pursuant to FRCP 30(b)(6).**
2. **Don Weirich**
3. **Robert Taylor**
4. **Expert witnesses**

**Plaintiffs anticipate that these depositions will be completed no later than June 31, 2003, for all fact witnesses. Expert witnesses will deposed as designated.**

E.   Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates that it will take the depositions of the following witnesses as well as other witnesses who may identified through discovery:**

1. **Corporate representatives of Plaintiffs pursuant to FRCP 30(b)(6).**
2. **Jason Wolfe**
3. **Bradly Wolfe**
4. **William Wolfe**
5. **Expert witnesses**

**Defendant anticipates that these depositions will be completed no later than June 31, 2003, for all fact witnesses. Expert witnesses will deposed as designated.**

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs and Defendant anticipate that they will be able to designate their expert witnesses who will testify regarding issues on which the party has the burden of proof no later than July 31, 2003. Expert witness used for rebuttal purposes will be designated 30 days later.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Plaintiffs anticipate that they will depose all of the experts designated by Defendant within 30 days after the expert witness is designated.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Defendant anticipates that it will depose all of the experts designated by Plaintiffs within 30 days after the expert witness is designated.**

10.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties are agreed to this discovery plan.**

11.  Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12.  State the date the planned discovery can reasonably be completed.

**All discovery, including discovery of expert witnesses, can be completed no later than September 31, 2003.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties have agreed to continue to discuss settlement.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Each attorney has agreed to discuss settlement with their respective clients to determine if the possibility of a prompt resolution exists.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively sued in this case.

**Mediation. The parties believe that mediation may be effective is utilized prior to engaging in expensive discovery efforts. However, Defendants believe mediation cannot be useful until the issue of ownership and return of the manufacturing equipment has been resolved by summary motion(s).**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties consent to proceed before a magistrate judge.**

17. State whether a jury demand has been made and if it was made on time.

**Neither party has made a jury demand.**

18. Specify the number of hours it will take to present the evidence in this case.

**15- 20 hours**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Defendant's Motion for Summary Judgment on its conversion counterclaim.**

20.   List other motions pending.

**None.**

21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Defendants believe an early resolution of the conversion counterclaim is critical to narrowing the issues underlying the merits of the parties' breach of contract claims and counterclaims.**

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiffs Nova/Link and Servicios Industriales Nova Link, S.A. de C.V.**

**ATTORNEY-IN-CHARGE:**

Samuel S. Griffin, III
Texas Bar No. 08473800
GRIFFIN & MATTHEWS
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124 – telephone
(281) 870-1647 – fax

OF COUNSEL:

W. Michael Taylor
Texas Bar No. 00789675
GRIFFIN & MATTHEWS
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124 – telephone
(281) 870-1647 – fax

*[signature]* W. Michael Taylor, by perm.    Date: December 9, 2003.

Counsel for Defendant Indiana Knitwear Corporation

ATTORNEY-IN-CHARGE:

James H. Hunter
Texas Bar No. 00784311
ROYSTON, RAZOR, VICKERY & WILLIAMS
P.O. Box. 3509
Brownsville, Texas 78521
(956) 542-4377 – telephone
(956) 542-4370 - fax

OF COUNSEL:

Jon D. Brooks
Texas Bar No. 24004563
ROYSTON, RAZOR, VICKERY & WILLIAMS
P.O. Box. 3509
Brownsville, Texas 78521
(956) 542-4377 – telephone
(956) 542-4370 - fax

William N. Berkowitz
Rheba Rutkowski
BINGHAM MCCUTHCHEN, LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

_____   Date: December 9, 2002