14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVA/LINK AND SERVICIOS | § | |
| INDUSTRIALES NOVA LINK, | § | |
| S.A. de C.V., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-148 |
| | § | |
| INDIANA KNITWEAR CORPORATION | § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED

**DEC 3 0 2002**

Michael N. Milby
Clerk of Court

## PLAINTIFFS' RESPONSE TO MOTION FOR
## PARTIAL SUMMARY JUDGMENT AND MOTION TO
## CONTINUE RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs, NOVA/LINK AND SERVICIOS INDUSTRIALES NOVA LINK, S.A. de C.V., file this Response to Defendant's Motion for Partial Summary Judgment and Motion to Continue Ruling on Motion for Partial Summary Judgment, and would respectfully show the Court as follows:

### INTRODUCTION

1.1    This is a breach of contract case. Defendant alleges in its Motion for Partial Summary Judgment that Plaintiffs are liable for converting several pieces of equipment. Defendant transferred possession of the equipment to Plaintiffs pursuant to an agreement between the parties, creating a bailment for mutual benefit.

1.2    Plaintiffs have refused to return the equipment. This refusal was qualified by the fact the Defendant owes money to Plaintiffs pursuant to their agreement. This qualified refusal cannot give rise to a claim for conversion because it is reasonable and made in good faith.

1.3    Moreover, since Defendant has failed to pay Plaintiffs amounts due pursuant to the contract, Defendant is not entitled to possession of the equipment. Absent a right of possession, Defendant's claim fails as a matter of law.

## MOTION FOR CONTINUANCE

2.1    Defendant's Motion for Partial Summary Judgment is premature. Plaintiffs request that the Court defer its ruling on Defendant's Motion for Summary Judgment pursuant to FED R. CIV. P. 56(f) in order to conduct discovery pertaining to key issues in this case.

2.2    One of the main issues in this case is whether Defendant is liable to Plaintiffs for severance payments made to the workers dedicated to manufacture Defendant's products who were terminated as a result of Defendant's termination of the contract between the parties. The parties never signed a contract. The key inquiry is whether the parties' agreement requires Defendant to reimburse Plaintiffs for these payments. This issue is important because it will necessarily affect whether Defendant is liable to Plaintiffs and whether Defendant can prevail on its claim for conversion. Discovery is required to determine the terms of the parties' agreement so that this issue can properly be determined on the merits of this case.

2.3    The parties have not conducted any discovery. Initial Disclosures have not been exchanged. The Rule 26(f) scheduling conference was held on December 16, 2002. Plaintiffs request that the Court defer ruling on Defendant's Motion for Partial Summary Judgment until such time as the parties can reasonably conduct the discovery necessary to adequately respond to the Motion for Partial Summary Judgment.

2

## RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.

## FACTUAL BACKGROUND

3.1    Defendant's recitation of the facts of this case is largely correct.  However, there are some glaring inaccuracies and omissions.  Beginning in July of 1998, Plaintiffs and Defendant entered into a business relationship.  Plaintiffs agreed to assemble and package certain products in accordance with Defendant's specifications.  The original arrangement was under a purchase order system. Defendant agreed to pay Plaintiffs for their services in an amount which was dependent on the specific product that was assembled and packaged.

3.2    The business relationship began to grow through 1999 and Plaintiffs' commitment to Defendant became very large.  This increased business required Plaintiffs to dedicate operators to manufacture Defendant's goods.  During 1999, the parties began negotiating a contractual agreement that would govern the relationship between the parties.  As part of the contract, Plaintiffs required Defendant to reimburse them for severance payments to the operators mandated under Mexican law if the operators are laid off as a result of Defendant's termination of the contract.  Revisions to the contract were sent back and forth, but a final agreement was never signed because Defendant was experiencing a down turn in sales.  Defendant never disputed its obligation to reimburse Plaintiffs for the severance payment.

3.3    In the year 2000, Defendant's orders from Plaintiffs increased requiring Plaintiffs to expand their operation to produce a wider variety of styles.  Additional

operators were dedicated to Defendant's product lines. On November 21, 2000, Defendant again informed Plaintiffs of a downturn in business and provided 60 days notice of termination of their relationship. Plaintiffs began assisting Defendant on how to keep their lines running, and an agreement was reached to maintain the lines until January 2001.

3.4    During 2001, the operation continued running and the contractual negotiations resumed. In late 2001, Defendant informed Plaintiffs that it would not have enough production to maintain the lines. By November 2001, Defendant terminated its relationship with Plaintiffs. As a result of Defendant's termination, Plaintiffs were required to lay off the operators dedicated to Defendant's product lines and pay them severance as mandated by Mexican law.

## ARGUMENT AND AUTHORITIES

**A.    Plaintiffs' Qualified Refusal To Return The Equipment Does Not Give Rise To Conversion.**

4.1    If possession is initially lawful, demand and refusal to return the property may be required for the cause of action to accrue. *Earthman's, Inc. v. Earthman*, 526 S.W.2d 192, 204 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *see Young v. J & J Bail Bonds Co.*, 792 S.W.2d 484, 485 (Tex.App.—El Paso 1990, no writ). However, if certain conditions qualify the refusal to return the property, conversion does not necessarily occur. *Earthman's*, 526 S.W.2d at 204. The conditions must be reasonable, justifiable, and must have a legal foundation such as doubt regarding the plaintiff's ownership or the defendant's duty to turn over the property. *Id.* A qualified refusal must

4

be made in good faith. *Id.* The reasons for the refusal must be disclosed to the plaintiff. *Id; see also Stein v. Mauricio*, 580 S.W.2d 82, 83 (Tex.App.—San Antonio 1979, no writ).

4.2    In the instant case, the equipment was not returned to Defendant because Defendant owed monies to Plaintiffs pursuant to their agreement. This qualified refusal was communicated to Defendant via letter on January 10, 2002. *See* Exhibit 8, attached to Defendant's Motion for Partial Summary Judgment.

4.3    Defendant has failed to present any summary judgment evidence to show that this qualified refusal was not reasonable and made in good faith. Accordingly, the Motion for Partial Summary Judgment should be denied.

**B.    Defendant Does Not Have A Present Right To Possession Of The Equipment.**

**1.    Right To Possession Is Key Element Of Conversion Cause Of Action.**

5.1    In order to succeed on its cause of action, Defendant must prove that it is presently entitled to possession of the equipment. Conversion is an offense against possession and not title. *Soto v. Sea-Road Intern., Inc.*, 942 S.W.2d 67, 72 (Tex.App.—Corpus Christi 1997, writ denied); *Dolenz v. National Bank of Texas at Fort Worth*, 649 S.W.2d 368, 370 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e)

5.2    There is no dispute in this case that Defendant owns the equipment identified in its Motion for Summary Judgment. The key issue is whether the summary judgment evidence raises a fact issue as to whether Defendant is presently entitled to possession of the equipment.

## 2.     The Parties Agreement Created A Bailment For Mutual Benefit.

6.1     In a bailment for mutual benefit, both the bailor and the bailee derive some advantage from the contract. This is true even if the advantage is slight or if the bailor pays nothing directly, but the property is delivered and accepted as an incident of the business in which the bailee makes a profit. *See Bill Bell, Inc. v. Ramsey*, 284 S.W.2d 244, 248 (Tex.Civ.App.—Waco 1955, no writ). The benefit to the bailee is more obvious when the bailee takes possession of the property under a contract to repair it, with the bailor agreeing to pay for the repairs. *See, e.g., Stewart & Stevenson Serv. v. Kratochvil*, 737 S.W.2d 65, 66 (Tex. App.—San Antonio 1987, no writ). A bailment for mutual benefit also arises when a warehouseman takes possession of a tenant's goods in the course of evicting the tenant. *Nelson v. Schanzer*, 788 S.W.2d 81, 88 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

6.2     The equipment that was owned by Defendant and transferred to the Plaintiffs' possession is the subject of a bailment for the mutual benefit of both parties. The intention of the bailment was for both the Plaintiffs and the Defendant to derive a benefit. The intention of the parties was that Plaintiffs would make a profit and that Defendant would receive a finished product. This situation created a bailment for a mutual benefit.

## 3.     Defendant Has No Right To Possession Of The Equipment.

7.1     The importance of viewing the parties' relationship in the context of a bailment is important because certain rules of law apply to conversion claims in the

context of a bailment that do not arise in other contexts. In the context of a bailment, the bailee has a temporary possessory interest in the subject of the bailment. *Miller v. Peck,* 258 S.W. 887, 888 (Tex.Civ.App.—El Paso 1924, writ dissm'd w.o.j). A bailee does not become liable until it fails to return the bailment property at the end of the bailment period. *Soto v. Sea-Road Intern., Inc.,* 942 S.W.2d 67, 72 (Tex.App.—Corpus Christi 1997, writ denied); *Kirkland v. Mission Pipe & Supply Co.,* 182 S.W.2d 854, 855 (Tex.Civ.App.—Austin 1944, writ ref'd w.o.m.).

7.2    The summary judgment evidence fails to conclusively establish that Defendant has a present right to possession of the equipment. Absent a present right to possession, Defendant cannot prevail on a cause of action for conversion. Accordingly, the Motion for Partial Summary Judgment should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, NOVA/LINK AND SERVICIOS INDUSTRIALES NOVA LINK, S.A. de C.V., pray that the Court will deny Defendant's Motion for Partial Summary Judgment or, in the alternative defer its ruling on the Motion for Partial Summary Judgment until the parties have had sufficient time to conduct discovery, and for such other relief to which they are justly entitled.

Respectfully submitted,

GRIFFIN & MATTHEWS

BY: _____ **FOR**

SAMUEL S. GRIFFIN, III
Texas Bar No. 08473800
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124 - telephone
(281) 870-1647 - fax

ATTORNEY-IN-CHARGE

OF COUNSEL:

W. MICHAEL TAYLOR
Texas Bar No. 00789675
GRIFFIN & MATTHEWS
1155 Dairy Ashford, Suite 300
Houston, Texas 77079
(281) 870-1124
(281) 870-1647 (Fax)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record, via facsimile on December 23, 2002:

> James H. Hunter
> Royston, Razor, Vickery & Williams
> P.O. Box. 3509
> Brownsville, Texas 78521
>
> William N. Berkowitz
> Rheba Rutkowski
> Bingham McCuthchen, LLP
> 150 Federal Street
> Boston, MA 02110

W. MICHAEL TAYLOR

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOVA/LINK AND SERVICIOS §
INDUSTRIALES NOVA LINK, §
S.A. de C.V., §
     Plaintiffs, §
 §
v. §     CIVIL ACTION NO. B-02-148
 §
INDIANA KNITWEAR CORPORATION §
    Defendant. §

## A F F I D A V I T

THE STATE OF TEXAS § 
 §
COUNTY OF HARRIS §

    I, W. Michael Taylor, state on oath that I have read the foregoing Motion to Continue Ruling on Motion for Partial Summary Judgment and that the facts contained therein are true and correct to the best of my personal knowledge.

By: _____
W. MICHAEL TAYLOR

    SUBSCRIBED AND SWORN to before me on this the 23rd day of December, 2002.



_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS