IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NOVA/LINK AND SERVICIOS § | |
| INDUSTRIALES NOVA LINK, § | |
| S.A. de C.V., § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. B-02-148 |
| v. § | |
| § | |
| INDIANA KNITWEAR § | |
| CORPORATION, § | |
| Defendant. § | |

### IKC'S RESPONSE TO NOVA/LINK'S MOTION TO CONTINUE RULING ON IKC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY TO NOVA/LINK'S RESPONSE TO IKC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, defendant/counter-plaintiff, Indiana Knitwear Corporation ("IKC"), and makes this response and reply to the Motion to Continue Ruling on IKC's Motion for Partial Summary Judgment and Response to Motion for Partial Summary Judgment (the "Motion and Response") filed by plaintiffs/counter-defendants, Nova/Link and Servicios Industriales Nova Link, S.A. de C.V.'s (collectively, "Nova/Link"), and in support thereof would respectfully show as follows:

**I.**

**THE COURT SHOULD DENY NOVA/LINK'S MOTION TO CONTINUE RULING ON IKC'S MOTION FOR PARTIAL SUMMARY JUDGMENT.**

1.1    IKC has moved for partial summary judgment on its counterclaim for conversion and for an order from this Court requiring that Nova/Link immediately release and return IKC's equipment, or, alternatively, requiring that Nova/Link immediately deliver the equipment to a location within this Court's jurisdiction, which property Nova/Link has wrongfully converted to its own possession

and use ("IKC's Motion"). IKC has demonstrated that the merits of the parties' opposing claims for breach of contract, as well as the other counterclaims asserted by IKC, are not at issue in IKC's Motion and that, wholly apart from these other claims, IKC is entitled to partial summary judgment on its conversion claim. See IKC's Motion.

1.2     In its Motion and Response, Nova/Link requests, pursuant to Fed. R. Civ. P. 56(f), that the Court defer its ruling on IKC's Motion in order to permit "discovery pertaining to key issues in the case." Motion and Response, ¶ 2.1.

1.3     Fed. R. Civ. P. 56(f) "describes a method of buying time for a party who, when confronted by a summary judgment motion, can demonstrate an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition." Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir.1994). Rule 56(f), however, "is not a shield against all summary judgment motions." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F. Supp. 693, 706 (S.D.N.Y. 1996) (citation omitted). Rather, Rule 56(f) "requires affidavits setting forth the particular facts expected from the movant's discovery and specifying how those facts would preclude summary judgment." In re Silicon Graphics Inc. Secs. Litig., 183 F.3d 970, 989 (9th Cir. 1999) (internal quotation marks and citations omitted). See Resolution Trust, 22 F.3d at 1203 (party seeking discovery pursuant to Rule 56(f) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion") (citations omitted). Nova/Link falls far short of meeting these requirements.

1.4 Far from providing the particularized affidavit required by Rule 56(f), Nova/Link has simply attached a verification by its attorney, which merely states that the facts contained in Nova/Link's Motion are true and correct to the best of his personal knowledge. Neither the verification nor Nova/Link's Motion and Response say anything at all about "particular facts expected from the movant's discovery"; nor do they specify "how those facts would preclude summary judgment." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988). Nova/Link's Motion and Response amounts to little more than a half-hearted plea to the effect that "we have no factual basis for opposing summary judgment, but, if you stay proceedings, we might find something." Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989) (characterizing non-movant's insufficient Rule 56(f) affidavit). For this reason alone, Nova/Link's Motion should be denied. E.g., Paterson-Leitch, 840 F.2d at 988 ("The Rule 56(f) affidavit must do more than conjecture that something useful might be discovered. A party seeking additional discovery must allege specific facts essential to the nonmovant's opposition.").

1.5 Moreover, the only issue identified by Nova/Link as purportedly requiring discovery is whether an alleged agreement between the parties obligated IKC to "reimburse" Nova/Link for severance payments allegedly made to Nova/Link's employees. To the extent that this constitutes an issue in the case, however, it is completely immaterial to the conversion claim, the only claim upon which IKC has moved for summary judgment. For this reason, too, Nova/Link's Motion should be denied. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.") (citation omitted); Fennell

v. First Step Designs, Ltd., 83 F.3d 526, 531 (1st Cir. 1996) (movant must articulate plausible basis for belief that discoverable materials exist that would raise a trialworthy issue); R.W. Int'l Corp. v. Welch Food, Inc., 13 F.3d 478, 488 (1st Cir. 1994) (party seeking discovery must show that the facts sought will, if obtained, suffice to engender an issue both genuine and material).

1.6   In view of Nova/Link's complete failure to meet the requirements of Rule 56(f), there is nothing to prevent the Court from granting IKC's Motion without discovery. Soto v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints, 73 F.Supp.2d 116, 120 (D.P.R. 1999) (denying plaintiff's Rule 56(f) motion and granting defendant's summary judgment motion where plaintiff failed to identify any facts he would expect to discover and did not specify what information he had reasonable grounds to expect would be disclosed which would generate genuine and material disputes of fact). Nothing that Nova/Link has said or submitted provides even a scintilla of support for its contention that it is entitled to continue to possess IKC's equipment. Moreover, no amount of discovery can change the fact that IKC owns the equipment in question - a fact that Nova/Link itself admits, see Response, ¶¶ 5.2, 6.2 -- and that Nova Link has no lawful basis for refusing to return the equipment. The Court need not lengthen the proceeding simply to allow Nova/Link to conduct a doomed fishing expedition. See, e.g., Pure Gold, Inc. v. Syntex (U.S.A.), Inc., 739 F.2d 624, 627 (Fed. Cir. 1984) ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint."). In view of the foregoing, Nova/Link's Motion should be denied. See Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (district court did not abuse discretion in denying Rule 56(f) motion where no specific reasons demonstrating the

necessity and utility of discovery to fend off summary judgment were offered). In sum, Nova/Link's Motion should be denied.

## II.

**IKC'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED.**

**A.  IKC's Motion should be granted because Nova/Link has failed to demonstrate the existence of a genuine dispute of material fact requiring trial on IKC's conversion claim.**

2.1   As a matter of well-established procedural law, Nova/Link cannot rely on mere allegations to show that there is a genuine dispute of material fact requiring trial. Fed. R. Civ. P. 56(e). "[I]in order to rebut a properly supported Rule 56 motion, the opposing party must indicate how it will support the contention that issues of fact remain. To do that, Rule 56(e) requires the adversary to set forth facts that would be admissible in evidence at trial. . . . Nor can the opposing party fulfill this obligation merely by asserting, by affidavit or otherwise, that a genuine issue exists for trial. . . . " Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, ° 2727 & nn. 65-66 (1998) ("Wright & Miller"). "Moreover, the opposing party cannot discharge his burden by alleging legal conclusions." Id. & nn.71-73. In view of Nova/Link's complete failure to meet its summary judgment burden under Rule 56, IKC is entitled to partial summary judgment on its conversion claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 314 (5th Cir. 1995); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

2.2     Nova/Link fails entirely to demonstrate the existence of a genuine dispute of fact material to IKC's conversion claim. Although Nova/Link claims that IKC was required to reimburse Nova/Link for severance payments, see Motion and Response, ¶ 3.2, Nova/Link neither explains how this issue is material to IKC's conversion claim nor proffers competent evidence sufficient to create a genuine dispute on the point. Nor does Nova/Link adduce any competent evidence in support of its contention that it has a right to possess IKC's equipment in the wake of the termination of the parties' business relationship. Indeed, Nova/Link essentially concedes that the material facts stated by IKC are undisputed, see Motion and Response, ¶ 3.1, including that IKC owns the equipment, id., ¶¶ 5.2, 6.2, and that Nova/Link refuses to return IKC's equipment, id., ¶ 4.2. Beyond that, Nova/Link does little more than list citations in support of general propositions of law that do not advance its cause. Nova/Link's failure to meet its Rule 56 burden is sufficient in itself to mandate judgment in favor of IKC on its conversion claim.

**B.      IKC's Motion should be granted because the undisputed facts show that IKC is entitled to judgment as a matter of law on its conversion claim.**

2.3     Nova/Link's sole argument in response to IKC's Motion is that a bailment existed, and, therefore, Nova/Link is entitled to hold IKC's equipment hostage pending resolution of Nova/Link's claim for IKC's purported breach of a contract to make severance payments. However, the issue of IKC's alleged obligation to make severance payments has nothing at all to do with the question whether Nova/Link is entitled to possess IKC's equipment in the wake of the termination of the parties' business relationship. Moreover, whether or not a bailment existed is immaterial because,

even assuming the existence of a bailment, the bailment period ended with the termination of the parties' business relationship, and Nova/Link became obligated to return the equipment to IKC.

2.4     As demonstrated in IKC's Motion, the law is absolutely clear that unlawful detention of another's property as a "bargaining" tool is no defense to a conversion action, see Cothrum Drilling Co. v. Partee, 790 S.W.2d 796, 799-800 (Tex. App. -- Eastland 1990, writ denied), and that a party may not wrongfully withhold possession of another's property pending resolution of a debt, see Gardner v. Jones, 570 S.W.2d 198 (Tex. Civ. App. -- Houston [1st Dist.] 1978, no writ); First Nat'l Bank of McAllen v. Brown, 644 S.W.2d 808 (Tex. Civ. App. -- Corpus Christi 1982, writ refused n.r.e.). Nothing in Nova/Link's Response establishes that Nova/Link has a right to possess IKC's equipment or that there is a genuine dispute of material fact on the issue. Accordingly, the Court should enter partial summary judgment in favor of IKC on its conversion claim.

1.     **As a matter of law, Nova/Link's refusal to return the equipment constitutes conversion.**

2.5     Nova/Link contends that no cause of action for conversion has accrued because Nova/Link is not obligated to return IKC's equipment unless and until IKC reimburses Nova/Link for alleged severance payments for Mexican labor. Motion and Response, ¶ 4.1. In support of this argument, Nova/Link cites two cases -- Earthman's, Inc. v. Earthman, 526 S.W. 2d 192, 204 (Tex. Civ. App. -- Houston [1st District] 1975, no writ), and Young v. J&J Bail Bonds Co., 792 S.W.2d 484, 485 (Tex. App. -- El Paso 1990, no writ) -- for the general legal proposition that, if possession is initially lawful, demand and refusal to return the property may be required for the cause of action to accrue. Response, ¶ 4.1. The cases cited by Nova/Link are inapposite. It is undisputed that IKC has demanded return of its equipment, and that Nova/Link has unjustifiably refused to return it. Weirich

Aff., ¶ 12 and Exhibit 8. Accordingly, there is no question but that IKC's cause of action for conversion has accrued.

2.6　In the Earthman case, plaintiff brought suit against a corporation in which her ex-husband owned stock, seeking to transfer stock that had been awarded to her in a divorce decree. The corporation delayed transferring the shares because some of the certificates were being held as security for a debt; other shares would be transferred when certificates were properly presented to the corporations; and some of the shares could not be transferred, even if an appropriate request were made, because the corporation or its stockholders intended to exercise an option to purchase the stock under a provision of the company's articles of incorporation. The Texas Court of Appeals held that a corporation's refusal to deliver property on request may be justified in order to secure reasonable time to investigate the rights of the parties and that, in an appropriate case, no conversion results if such refusal is made in a good faith effort to resolve a doubtful matter.

2.7　In contrast to the Earthman case, however, Nova/Link does not and cannot provide any legal justification for withholding IKC's equipment because, as demonstrated in IKC's Motion, the law does not permit unlawful detention of another's property, either a "bargaining tool" or on the ground that the party whose property is detained is indebted to the converter. See Cothrum Drilling Co. v. Partee, 790 S.W.2d 796, 799-800 (Tex. App. -- Eastland 1990, writ denied); First Nat'l Bank of McAllen v. Brown, 644 S.W.2d 808 (Tex. Civ. App. -- Corpus Christi 1982, writ refused n.r.e.); Gardner v. Jones, 570 S.W.2d 198 (Tex. Civ. App. -- Houston [1st Dist.] 1978, no writ).

2.8　Nova/Link's citation to Young v. J & J Bail Bonds Co., 792 S.W.2d 484, 485 (Tex. App. -- El Paso 1990, no writ), is inexplicable. There, the Texas Court of Appeals reversed a trial court's

entry of summary judgment in a case in which neither conversion nor bailment were issues. Although the court in Young did rule that, where a demand is a part of a cause of action, the statute of limitations does not begin to run until a demand is made, 792 S.W.2d at 485, Nova/Link does not dispute that IKC has demanded that Nova/Link return its equipment and the statute of limitations is not at issue here.

2.9   Nova/Link's citation to Stein v. Mauricio, 580 S.W.2d 82, 83 (Tex. App. -- San Antonio 1979, no writ), also is baffling. In Stein, the Texas Court of Appeals upheld a conversion judgment and remanded the case only for a determination of damages. In so doing, the court rejected the defendant's contention that his refusal to deliver the property to the plaintiff was justified by plaintiff's failure to produce evidence of ownership and found that conversion was established as a matter of law. Id.

2.10   The Stein Court did discuss the "qualified refusal" rule, explaining that a person in possession may refuse to surrender a chattel for a reasonable length of time when there is reasonable doubt about the claimant's right to immediate possession. In such circumstances, the party in possession has a duty to make a reasonable inquiry into the right of the claimant to possession of the chattel and to make a qualified refusal in good faith. See Restatement (Second) of Torts, º 240 (1965). For a person in possession to rely on a qualified refusal, the qualification must be disclosed to the owner of the property distinctly, and all reasons for the refusal not mentioned at the time of the refusal are waived and cannot be later raised. Id. (citations omitted).

2.11   The "qualified refusal" rule does not apply to the instant case. As discussed, Nova/Link concedes ownership, see Motion and Response, ¶¶ 5.2, 6.2, and provides no evidence or legal

justification to support the contention that it is otherwise entitled to retain possession after the termination of the parties' business relationship. Nova/Link has stated no reason for its refusal to turn over the equipment, other than its unrelated claim for alleged severance and indemnity payments for Mexican labor costs. Nova/Link's "reason" for withholding the equipment is not legally justified because, as previously discussed, a party may not defend against an action for conversion by asserting that the party whose property has been retained is indebted to the converter. See First Nat'l Bank of McAllen v. Brown, 644 S.W.2d 808 (Tex. Civ. App. -- Corpus Christi 1982, writ refused n.r.e.); Gardner v. Jones, 570 S.W.2d 198 (Tex. Civ. App. -- Houston [1st Dist.] 1978, no writ). Accordingly, Nova/Link does not and cannot show a reasonable doubt concerning IKC's right to immediate possession of its equipment.

2.     **As a matter of law, IKC has a present right to possession of its equipment.**

2.12   The undisputed facts show that, in placing its equipment in Nova/Link's custody, IKC stated, inter alia: "Indiana Knitwear will provide all sewing machines and folders required to sew our production.... Indiana Knitwear retains ownership of all fabric, components and equipment during our business arrangement. Weirich Aff., ¶ 6 and Exhibit 3 (emphasis supplied). Although Nova/Link concedes that there is no dispute that IKC owns the equipment identified in question, see Motion and Response, ¶¶ 5.2, 6.2, it contends, incongruously, that "the key issue is whether the summary judgment evidence raises a fact issue as to whether IKC is presently entitled to possession of the equipment," id., ¶ 5.2. In order to meets its burden under Rule 56 and avoid summary judgment, however, Nova/Link must do more than just baldly assert the possibility of a fact issue. Rather, Nova/Link must proffer competent evidence sufficient to demonstrate the existence of a

genuine dispute of fact requiring trial. See, e.g., Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 55 (1st Cir. 2000) ("Although the [non-movant] attempts to contradict [the movant's] facts, he does so without adducing any competent evidence to the contrary. We must, therefore, accept the facts as they appear in the summary judgment record."); Maldonado-Denis v. Castillo-Rodrφguez, 23 F.3d 576, 581 (1st Cir. 1994) ("[A] party opposing summary judgment must present definite, competent evidence to rebut the motion.") (quotation omitted).

2.13   Nor do the cases cited by Nova/Link support its argument. Soto v. Sea-Road Int'l, Inc., 942 S.W. 2d 67 (Tex. App. -- Corpus Christi 1997, writ den'd), is completely inapposite. There, a shipper delivered goods to a customs broker's warehouse with written instructions not to release the property without its authorization, as per instructions at the time of delivery to the defendant's warehouse. Contrary to the agreement, the defendant customs broker released the goods to a third party and the goods disappeared. The trial court found that the defendant customs broker had converted the property by releasing it to a third party without authorization, and, in the cited decision, the Texas Court of Appeals affirmed the trial court's judgment of conversion.

2.14   Nova/Link's citation to Dolenz v. National Bank of Texas at Fort Worth, 649 S.W. 368, 370 (Tex. App. -- Fort Worth 1983, writ ref'd n.r.e.), also is unavailing. In Dolenz, a bank repossessed certain truck trailers in which the bank had a security interest. Unknown to the bank at the time it repossessed the trailers, there was personal property contained within those trailers. Upon learning that the trailers contained the personal property of another, the bank immediately notified the owner and offered the property to him. Instead of accepting the property, the owner simply filed suit for conversion against the bank. The court found the elements of a conversion claim to be lacking

because, when the bank learned the identity of the rightful owner of the property, it immediately offered to return it. Here Nova/Link has conceded that IKC is the rightful owner of the equipment, but unlike the bank in Dolenz, Nova/Link not only failed to offer to return the equipment to IKC, the rightful owner, but instead, has repeatedly refused to return the equipment. Accordingly, Nova/Link has no legal right to possess IKC's equipment and has failed to show the existence of a genuine dispute of material fact on the issue of possession.

3.     **As a matter of law, it is immaterial to IKC's conversion claim whether there was or was not a bailment.**

2.15    Nova/Link takes the position that a bailment was created because the parties derived mutual benefit from Nova/Link's possession of IKC's equipment. Even assuming that this general statement is true, the issue has no bearing on IKC's conversion claim because any bailment that may have existed ended at the time the parties terminated their business relationship and IKC demanded that its equipment be returned. In support of its argument, Nova/Link again cites the Soto case, in which the court found that the defendant was liable for conversion when it failed to return property upon the demand of the property's owner. See Soto, 942 S.W.2d 67, 74. Significantly, the Soto Court noted the well-established rule that failure to return bailment property at the end of a bailment period constitutes a conversion of the bailment property, entitling the bailor to recover the value of the property. Id. at 72. Rather than support Nova/Link's position, the Soto case supports IKC's position that it was entitled to the immediate return of its equipment upon termination of the parties' business relationship and any bailment that might have been created in connection with that relationship.

2.16     The only other case cited by Nova/Link in support of its position is Kirkland v. Mission Pipe & Supply Co., 182 S.W.2d 854, 855 (Tex. Civ. App. -- Austin 1944, writ ref'd w.o.m.), in which the Texas Court of Appeals upheld the trial court's determination that the defendant in a bailment case had converted the property in question. In Kirkland, the plaintiff sued for conversion of oil well pipe which was delivered to the defendant bailee under an agreement to pay for its use, with an option to purchase later. No rental was paid; none of the pipe was returned; and the defendant refused to pay for it on demand. The only proffered defense was that the pipe was of inferior quality and had deteriorated. The issue as to whether the pipe performed its function badly was immaterial: The jury found that the plaintiff had not misrepresented the quality of the pipe and the court ruled that the question of whether the pipe performed its function badly would not excuse the failure to return it at the end of the bailment period. Accordingly, the judgment of conversion was affirmed. Id. at 855. Again, rather than support Nova/Link's argument, Kirkland establishes the contrary position, that Nova/Link was obligated to return the equipment to IKC at the end of the bailment period, and that Nova/Link's refusal to do so constitutes conversion as a matter of law.

### III.

### CONCLUSION

3.1     IKC's Motion demonstrates that there are no genuine issues of material fact requiring trial and that IKC is entitled to judgment as a matter of law on its conversion claim. Nothing in Nova/Link's Response and Motion precludes this result, and no showing has been made sufficient to warrant a continuance under Fed. R. Civ. P. 56(f). Accordingly, for the reasons stated in IKC's

Motion and herein, IKC respectfully maintains that Nova/Link's Motion for Continuance should be denied and that IKC's Motion for Partial Summary Judgment should be granted.

WHEREFORE, defendant and plaintiff-in-counterclaim, Indiana Knitwear Corporation, prays that the Court:

    (a) deny Nova/Link's Motion for a Continuance;

    (b) enter judgment in favor of IKC on its counter-claim for conversion;

    (c) enter an order declaring that IKC is entitled to immediate possession of the IKC Equipment as a matter of law and compelling Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. to deliver immediately the IKC Equipment to IKC's possession and control;

    (d) alternatively, enter an order compelling Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. to deliver immediately the IKC Equipment to a location within this Court's jurisdiction; and

    (e) further, on final trial hereof of all remaining issues between the parties,

    (i) enter an order declaring that IKC owes nothing to Nova/Link and Servicios Industriales Nova Link, S.A. de C.V. and awarding IKC the return of the IKC Equipment and such other relief as is warranted under 28 U.S.C. ° 2202;

    (ii) enter judgment in favor of IKC on all counts of the Counterclaim;

    (iii) award IKC damages in an amount to be proven at trial, together with interest, costs, and attorneys' fees, in the full amount recoverable under the applicable law; and

    (iv) award IKC any such further relief, at law or equity, that the Court deems just and proper.

Respectfully submitted,

INDIANA KNITWEAR CORP.,

By its attorneys,

_____
James H. Hunter, Jr.
Texas State Bar No. 00784311
Fed. I.D. No. 15703
Keith N. Uhles
Texas State Bar No. 20371100
Fed. I.D. No. 1936
Royston, Rayzor, Vickery & Williams
P.O. Box 3509
Brownsville, Texas 78521
(956) 542-4377 (Telephone)
(956) 542-4370 (Facsimile)

ATTORNEYS FOR DEFENDANT
INDIANA KNITWEAR CORPORATION

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

and

William N. Berkowitz
Rheba Rutkowski
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

### CERTIFICATE OF SERVICE

I certify that a copy of the above document was served via **CERTIFIED MAIL-RRR** to counsel of record W. Michael Taylor, Esq., Griffin & Matthews, 1155 Dairy Ashford, Suite 300, Houston, Texas 77079 on the 10th day of January, 2003.

_____
James H. Hunter, Jr.